SHIRLEY M. SAWYER v. JAMES H. SAWYER

No. 7426DC49

(Filed 17 April 1974)

1. **Divorce and Alimony § 20— absolute divorce decree — effect on appeal of denial of alimony pendente lite**
   Plaintiff's appeal from an order denying alimony *pendente lite* is dismissed since all rights arising out of marriage cease after a judgment of absolute divorce, and plaintiff secured an absolute divorce from defendant while her appeal was pending.

2. **Divorce and Alimony § 23— child support — sufficiency of evidence to support findings**
   Evidence with respect to defendant father's income and his ability to make child support payments, together with evidence of the average monthly household expenses for plaintiff, defendant, and the minor children while they resided together and evidence as to the needs of the minor children, was sufficient to support the trial court's award of child support.

3. **Divorce and Alimony § 23— attorney's fees for representation of infants**
   Allowance of attorney's fees for the representation of the minor children in this child support case was authorized by G.S. 50-13.6.

APPEAL by both plaintiff and defendant from *Robinson, Judge,* 23 April 1973 Session of the District Court held in MECKLENBURG County.

Sawyer v. Sawyer

This is a civil action, instituted by the plaintiff wife for alimony without divorce, custody and support of minor children, and an award of reasonable attorney fees. An order setting a hearing for consideration of alimony, support, and counsel fees, pendente lite, was served with the complaint. The defendant filed answer in which he charged the plaintiff with adultery.

Upon the hearing on 24 April 1973 both plaintiff and defendant were represented by counsel and submitted evidence in support of their respective contentions. After the hearing was concluded, the court found as a fact that plaintiff had committed adultery and, therefore, denied plaintiff alimony pendente lite. From this order, the plaintiff has appealed.

The court also granted custody of the three children to plaintiff and awarded child support in the amount of $825.00 per month plus a monthly car payment in the amount of $88.00, directed defendant to purchase a $600.00 color television set for use of the children, and set counsel fee for representation of the children in the amount of $750.00. From this portion of the order awarding custody, child support, and counsel fees, the defendant has appealed.

While plaintiff's appeal was pending, she secured an absolute divorce from defendant on 25 February 1974, and defendant has made a motion in this court to dismiss plaintiff's appeal.

*James, Williams, McElroy & Diehl, by William K. Diehl, Jr., for plaintiff appellee.*

*Hicks & Harris, by Richard F. Harris III, for defendant appellant.*

BALEY, Judge.

<u>PLAINTIFF'S APPEAL</u>

All parties concede that on 25 February 1974 the plaintiff obtained an absolute divorce from the defendant on the ground of separation for the required statutory period.

[1] Under the terms of G.S. 50-11 all rights arising out of marriage shall cease after a judgment of absolute divorce with certain exceptions set out in the statute and not here applicable. Plaintiff had never received any award of alimony, pendente lite, and has secured her divorce on the ground of separation. The power of the court to make an award of alimony, pendente

Sawyer v. Sawyer

lite, in this case has terminated. *Smith v. Smith,* 12 N.C. App. 378, 183 S.E. 2d 283; *Smith v. Smith,* 17 N.C. App. 416, 194 S.E. 2d 568. The appeal of plaintiff is moot, and the motion of defendant to dismiss is allowed.

## DEFENDANT'S APPEAL

Defendant contends that there was no competent evidence to support the findings of fact of the trial court and that the facts found were not sufficient to justify the award of child support and counsel fees.

Findings of fact are conclusive on appeal if supported by competent evidence. *Teague v. Teague,* 272 N.C. 134, 157 S.E. 2d 649; *Andrews v. Andrews,* 12 N.C. App. 410, 183 S.E. 2d 843.

The amount allowed for the support of children by order of the trial judge will be disturbed only where there is gross abuse of discretion. *Coggins v. Coggins,* 260 N.C. 765, 133 S.E. 2d 700.

G.S. 50-13.4(c) provides:

"Payments ordered for the support of a minor child shall be in such amount as to meet the reasonable needs of the child for health, education, and maintenance, having due regard to the estates, earnings, conditions, accustomed standard of living of the child and the parties, and other facts of the particular case."

[2] There was ample evidence at the hearing to support the finding of the court that defendant had a net disposable income of approximately $1600.00 per month and that he was able to contribute the sum of $825.00 per month for the support of his three children and to arrange for the purchase of a television set and automobile for the use and benefit of his children. There was no exception to the finding of the court that the average monthly household expenses for the plaintiff, defendant, and minor children, while residing together, was approximately $1941.00—which clearly indicates the standard of living to which they were accustomed. The plaintiff testified in some detail concerning family expenses and the specific needs of the children as being in excess of $1590.00 per month and that the $713.00 being contributed monthly by the defendant was not sufficient to meet the necessary support of the minor children. The court found the facts in keeping with the evidence of the plaintiff

which was confirmed in some respects by that offered by defendant. These findings of fact provide a sufficient basis for the award of child support. The amount which defendant should pay to plaintiff for support of the minor children was a matter for the determination of the trial judge reviewable only in case of abuse of discretion—which does not here appear.

[3] The allowance of an attorney fee for representation of the minor children is authorized by G.S. 50-13.6. The present requirement in that statute that the court finds that there was a refusal to provide support by the party ordered to furnish support before any attorney fee can be ordered was not effective until July 1, 1973. We find no abuse of discretion by the court in the award of attorney fee.

In plaintiff's appeal, appeal dismissed.

In defendant's appeal, no error.

Judges CAMPBELL and HEDRICK concur.