MATILDA C. BENNETT v. WILLIAM F. BENNETT

No. 743DC180

(Filed 1 May 1974)

1. Contempt of Court § 6; Divorce and Alimony § 21— failure to comply with court order — wilful disobedience

    To constitute wilful disobedience within the meaning of G.S. 50-13.4(9) there must be an ability to comply with the court order and a deliberate and intentional failure to do so.

2. Contempt of Court § 6; Divorce and Alimony § 21— failure to comply with child support order — finding that father possesses means to comply

    A defendant may not deliberately divest himself of his property and in effect pauperize himself for appearance at a hearing for contempt and thereby escape punishment because he is at that time unable to comply with the court order; therefore, the trial court did not err in committing defendant for a definite term for violation of its child support order, though defendant was unemployed at the time of the hearing, where the evidence tended to show that he had been employed during a large portion of the period when the default in support payments occurred at sufficient compensation to permit him

Bennett v. Bennett

to make the payments, and defendant had openly stated to plaintiff that he did not intend to remain employed or to earn sufficient income to make the support payments.

APPEAL by defendant from *Roberts, Judge,* 19 November 1973 Session of District Court held in CRAVEN County.

Plaintiff was awarded custody of the four minor children born of the marriage of plaintiff and defendant by decree entered 27 August 1973 in the District Court of Craven County. In the order awarding custody defendant was directed to pay plaintiff the sum of $62.50 per week for support of the children. Alleging failure of defendant to comply with this support order, plaintiff secured an order to show cause why defendant should not be punished as for contempt.

At the hearing on 8 November 1973 both parties presented evidence. The court found as a fact that defendant was in arrears in the amount of $312.50 for child support having made no payment whatsoever during the months of October and November, 1973. Among additional findings by the court were the following:

"4. That prior to the hearing of 13 August 1973 the defendant advised the plaintiff that he was leaving his job with Weyerhaeuser in New Bern, North Carolina, for the reason that he did not want to pay plaintiff support for said minor children. That the defendant while employed at Weyerhaeuser earned a net income of between $150 and $200 per week, depending on the number of hours worked per week.

"That following his employment with Weyerhaeuser in New Bern, North Carolina, the defendant began operating a Service Station on Oaks Road in New Bern, North Carolina. That the defendant voluntarily left said Service Station and became employed with Gregory's Small Engine Repairs in New Bern, North Carolina, where he earned approximately $80 per week. That subsequent to his employment with Gregory's Small Engine Repairs the defendant became employed with a construction company at Cherry Point, North Carolina. That the defendant's employment with such construction company was terminated on Friday, November 2, 1973.

"6. That the defendant's income on each and every week subsequent to the Order of 13 August 1973 and prior to the week of November 5, 1973, has been in excess of $62.50 per week. That in addition to the defendant's weekly income the defendant rents an apartment located in the house in which he lives for approximately $65 per month; that the defendant has had the means with which to comply with the terms of the Order of 13 August 1973 each and every week since its entry.

\*    \*    \*

"8. That the defendant has stated to the plaintiff since August 13, 1973, that he does not intend to remain employed or to earn a sufficient amount of income so as to comply with the Order of 13 August 1973.

"9. That since 13 August 1973 the defendant has not been ill, has not been attended to by a physician and has not been hospitalized.

"10. That the defendant's failure to make payments as set forth above has been wilful and without legal justification or excuse."

Defendant was adjudged in contempt of court for wilful failure to make child support payments as directed by the order of the court, and was ordered into custody of the sheriff of Craven County for a period of thirty days or until the arrearage of $312.50 was paid. In any event, even though the $312.50 was not paid before 7 December 1973, defendant was to be released from custody upon that date.

Defendant has appealed from this judgment.

*Beaman, Kellum & Mills, by James C. Mills, for plaintiff appellee.*

*Robert G. Bowers for defendant appellant.*

BALEY, Judge.

[1] Defendant contends that the facts found by the court were not sufficient to support the conclusion that he had wilfully failed to comply with the order for child support. He further maintains that there must be a specific finding by the court that he presently possesses the means to comply with the court order before he can be committed as for contempt.

Bennett v. Bennett

G.S. 50-13.4(9) provides:

> "The wilful disobedience of an order for the payment of child support shall be punishable as for contempt as provided by G.S. 5-8 and G.S. 5-9."

Wilful disobedience has been interpreted by our court as disobedience "which imports knowledge and a stubborn resistance." *Mauney v. Mauney,* 268 N.C. 254, 257, 150 S.E. 2d 391, 393. In *Lamm v. Lamm,* 229 N.C. 248, 250, 49 S.E. 2d 403, 404, the court stated:

> "Manifestly, one does not act wilfully in failing to comply with a judgment if it has not been within his power to do so since the judgment was rendered."

To constitute wilful disobedience there must be an ability to comply with the court order and a deliberate and intentional failure to do so.

[2]  The facts found by the trial court in the present case showed that defendant was employed during a large portion of the period when the default in support payments occurred at sufficient compensation to permit him to make the payments. Indeed, his employment with a construction company was terminated less than a week prior to the contempt hearing. The court found that defendant had openly stated to the plaintiff that he did not intend to remain employed or to earn sufficient income to make the support payments. Defendant was able to pay at the time payment was required and wilfully failed to comply with the court order. Past contempt cannot be ignored by the court even if at the exact time of the contempt hearing the defendant does not have means to comply. A defendant may not deliberately divest himself of his property and in effect pauperize himself for appearance at a hearing for contempt and thereby escape punishment because he is at that time unable to comply with the court order. The action of the trial court in punishing defendant by commitment for a definite term for past conduct constituting a violation of its order was entirely proper. *Cox v. Cox,* 10 N.C. App. 476, 479, 179 S.E. 2d 194, 197 (Brock, J., concurring).

When a defendant has the present means to comply with a court order and deliberately refuses to comply, there is a present and continuing contempt and the court may commit such defendant to jail for an indefinite term, that is, until he com-

plies with the order. Under such circumstances, however, there must be a specific finding of fact supported by competent evidence to the effect that such defendant possesses the means to comply with the court order. Our Supreme Court has indicated in *Vaughan v. Vaughan,* 213 N.C. 189, 193, 195 S.E. 351, 353, as reaffirmed in *Gorrell v. Gorrell,* 264 N.C. 403, 141 S.E. 2d 794, that "the court below should take an inventory of the property of the plaintiff; find what are his assets and liabilities and his ability to pay and work—an inventory of his financial condition"—so that there will be convincing evidence that the failure to pay is deliberate and wilful.

The findings of the trial court are sufficient to show wilful failure to comply with its prior order for child support, and its commitment of defendant as for contempt is affirmed.

Affirmed.

Chief Judge BROCK and Judge PARKER concur.