HERBERT G. BRADY v. YVONNE T. BRADY

No. 7418DC910

(Filed 19 February 1975)

1. **Divorce and Alimony § 23— child support — inability of plaintiff to pay**
    Evidence was insufficient to show plaintiff's ability to comply with a child support order and his deliberate and intentional failure to do so where it tended to show that plaintiff lost his job with Duke Power Company because he could not climb poles as his job required, plaintiff supported his family until his money ran out, he had no job or money and lived with his sister, and he was sick and unable to work, having spent ten months in a hospital.

2. **Divorce and Alimony § 23— arrears in child support — lien on real property — failure to give owner "day in court"**
    The trial court erred in declaring sums due from plaintiff as child support a lien on real property conveyed by plaintiff to his sister where the order purporting to make the sister a party defendant required her to appear in court on 9 September 1974 and show cause why the deed should not be set aside, while the order appealed from was entered on 30 August 1974, thereby denying the sister her day in court.

APPEAL by plaintiff from *Alexander, Judge.* Order entered 30 August 1974 in District Court, GUILFORD County. Heard in the Court of Appeals 20 January 1975.

The pleadings and proceedings in this cause pertinent to this appeal are summarized as follows:

(1) On 13 March 1970, plaintiff filed his complaint asking for absolute divorce on ground of one-year separation. The divorce was granted on 4 May 1970.

(2) On 17 September 1970, pursuant to motions by defendant in this cause and a prior cause between the parties, and by consent, Judge Haworth entered an order awarding custody of two children to defendant, requiring plaintiff to pay $150 per month support for the children, ordering plaintiff to convey his interest in a residence to defendant and defendant to convey her interest in certain real estate to plaintiff, and ordering plaintiff to pay attorney fees.

(3) On 21 December 1973 and 7 June 1974, defendant filed motions in the cause alleging that plaintiff had made no child support payments since May 1973. She asked that plaintiff be adjudged in contempt and that he be required to convey his interest in certain real estate to defendant for the use and benefit of the children, or that the sums in arrears be declared a lien on the real estate. On 7 June 1974, defendant also filed a notice of *lis pendens* in the office of the Clerk of Superior Court of Guilford County.

(4) On 27 August 1974, a hearing on defendant's motions was conducted by Judge Alexander.

(5) On 29 August 1974, defendant filed a motion alleging that on 19 June 1974 plaintiff executed a deed to his sister, Myrtle B. Putnam (hereinafter referred to as Mrs. Putnam), purporting to convey to her all of his interest in certain real estate; that the deed had been recorded in Guilford County Registry; and that said conveyance was without lawful consideration and was for the purpose of avoiding the support claims of plaintiff's children. Defendant asked that Mrs. Putnam be made a party to this action and ordered to show cause why the conveyance should not be set aside.

(6) On 29 August 1974, Judge Alexander entered an order making Mrs. Putnam a party defendant to this action and ordering her to appear on 9 September 1974 " . . . and at such later times as may be designated by the Court . . . " and show cause why the deed from plaintiff to her should not be set aside.

(7) On 30 August 1974, Judge Alexander entered an order containing detailed findings of fact and conclusions of law and providing the following: Declaring plaintiff delinquent in making child support payments; adjudging plaintiff in contempt of court in failing to make support payments since February 1974; declaring the amount of all payments in arrears, together with certain taxes and lien payments made by defend-

Brady v. Brady

ant and attorney fees, a lien on the real estate conveyed by plaintiff to Mrs. Putnam; and ordering plaintiff " . . . placed in the custody of the Sheriff of Guilford County, North Carolina, until he shall have been purged of contempt, by the payment of the sum of $540.00 . . . . "

Plaintiff appealed from the order.

*Cahoon & Swisher, by Robert S. Cahoon, for plaintiff appellant.*

*Turner, Rollins and Rollins, by Clyde T. Rollins, for defendant appellee.*

BRITT, Judge.

[1] Plaintiff contends that the court's determination that he is in willful contempt of the orders of the court is not supported by the evidence and the record. The contention has merit.

G.S. 50-13.4(f)(9) provides that the *willful* disobedience of an order for the payment of child support shall be punishable as for contempt. Our Supreme Court has interpreted "willful disobedience" as disobedience " . . . which imports knowledge and a stubborn resistance." *Mauney v. Mauney,* 268 N.C. 254, 257, 150 S.E. 2d 391, 393 (1966). "To constitute wilful disobedience there must be an ability to comply with the court order and a deliberate and intentional failure to do so." *Bennett v. Bennett,* 21 N.C. App. 390, 393, 204 S.E. 2d 554 (1974).

At the hearing on 27 August 1974, defendant called plaintiff as a witness and she also testified. Plaintiff's testimony is summarized in pertinent part as follows: He has not paid any money for the children's support since June of 1973. Prior to December of 1972 he worked for Duke Power Company as a supervisor for 26 years. In December of 1972 Duke required " . . . all of us to go back to climbing poles. I could not do that and was separated from my job for that reason." At the time his employment terminated, he had some $300 or $400 in savings bonds and $2,100 in Duke stock. He supported his family until his money ran out. Since May 1973 he has had no job nor money and has lived with his sister. Since that date he has been sick and unable to work, having spent ten months in the Veterans' Hospital in Salisbury. He has tried to find work but without success. He has been promised a job at a Naval Base in Cuba, doing

the same kind of work he did for Duke, and is waiting to be sent there; that is the only kind of work he knows how to do.

Defendant testified that plaintiff drank too much but that he supported his family and made his payments as long as he had money. Defendant also introduced into evidence the clinical record of treatment of plaintiff at the Veterans' Hospital. This record described plaintiff's medical problems and extensive treatment for several months following 30 July 1973 and indicated plaintiff's physical disability along with alcoholism.

We hold that the evidence was not sufficient to show plaintiff's ability to comply with the support order and his deliberate and intentional failure to do so.

[2] Plaintiff contends the court erred in declaring any sums a lien on the real estate as against Mrs. Putnam. This contention has merit. We do not reach the question of whether a deed can be set aside pursuant to a motion in the cause in a divorce action that has been "tried." It suffices to say that Mrs. Putnam's rights were adversely affected by the order appealed from without her having any "day in court." The order of 29 August 1974 purported to make her a party defendant and required her to appear on *9 September 1974* and show cause why the deed should not be set aside. The order appealed from was entered on 30 August 1974, some ten days before Mrs. Putnam was required to appear and show cause. Clearly, the court erred.

For the reasons stated, the order appealed from is vacated and this cause is remanded for further proceedings not inconsistent with this opinion.

Order vacated and cause remanded.

Chief Judge BROCK and Judge CLARK concur.