CHARLES M. WYATT v. JUDY P. WYATT

No. 7625DC591

(Filed 5 January 1977)

**1. Parent and Child § 7— father's duty to support children**
   It is the father's legal obligation to support his minor children.

Wyatt v. Wyatt

2. **Divorce and Alimony § 23; Parent and Child § 7— child support — ability to pay**

A child support order must be based not only on the needs of the child but also on the ability of the father to meet the needs.

3. **Divorce and Alimony § 23— child support — ability to pay**

The trial court's finding that plaintiff father had the ability to pay $110.00 per month for support of his child plus medical expenses of the child was supported by competent evidence in the record.

4. **Divorce and Alimony § 23— child support action — award of legal fees — reasonable worth of services**

The partial listing of legal expenses was an insufficient finding of fact as to the reasonable worth of attorney's fees to support the court's award of $600.00 to defendant mother for partial reimbursement for legal fees in an action for child support. G.S. 50-13.6.

APPEAL by plaintiff from *Tate, Judge*. Judgment entered 12 April 1976 in District Court, BURKE County. Heard in the Court of Appeals 8 December 1976.

On 18 May 1973 Charles Wyatt and Judy Wyatt entered into a separation agreement whereby Charles Wyatt, the plaintiff, agreed to pay $65.00 a month and all medical expenses in support of his minor child, Melissa. The agreement also provided that upon settlement of a personal injury suit in his favor, the plaintiff would increase his support payments. The parties were divorced on 24 September 1973. The divorce decree did not contain a specific order for child support.

Subsequent to the divorce and after favorable settlement of the personal injury action, defendant requested an increase from the plaintiff; he refused. Defendant then filed a motion in the divorce action asking the court to enter an order for child support. The district court's order in favor of the father was appealed to this Court, which reversed the order on 1 October 1975. *Wyatt v. Wyatt*, 27 N.C. App. 134, 218 S.E. 2d 194 (1975). The trial court was found to be in error when it said that the parties were bound by the separation agreement, where the trial court had found the child in need of maintenance and support and the father with the ability to pay. On remand the trial court conducted additional hearings to ascertain the current needs of the child and the ability of the father to pay.

On 16 December 1975, after testimony by both plaintiff and defendant, the trial court found that the child's needs

amounted to $228.20 per month, that the child was substantially in need of maintenance and support from the father, and that the father had the present ability to support the child. The court ordered the plaintiff to pay $110.00 a month in support plus all medical expenses of the child. The court further found that defendant's motion was in good faith, that she did not have the means to defray her legal expenses, and that plaintiff had sufficient earnings to contribute to defendant's legal expenses. The plaintiff was thereby ordered to pay $600.00 to defendant as partial reimbursement for legal fees. The findings and award were announced in court on 16 December 1975. The order was signed and filed on 12 April 1976. From this order plaintiff appeals.

*McMurray, Triggs & Hodges, by John H. McMurray and Robert E. Hodges, for plaintiff.*

*Byrd, Byrd, Ervin and Blanton, by Joe K. Byrd, for defendant.*

BROCK, Chief Judge.

Two questions are presented to this Court for review. First, were there sufficient findings of fact by the trial court on the ability of the plaintiff to meet what the court found to be the needs of the child? Secondly, was the court correct in ordering payment of legal fees without finding as facts that the fees were reasonable and that the plaintiff had refused to provide support which was adequate under the circumstances existing at the time of the institution of the proceeding?

[1, 2]   As to the first question, it is well settled in North Carolina that it is the father's legal obligation to support his minor children. *Holt v. Holt,* 29 N.C. App. 124, 223 S.E. 2d 542 (1976). The amount of child support awarded is in the discretion of the trial judge and will be disturbed only on a showing of abuse of that discretion. *Sawyer v. Sawyer,* 21 N.C. App. 293, 204 S.E. 2d 224 (1974). The trial court's discretion, however, is not absolute and unreviewable. The order must be based not only on the needs of the child but also on the ability of the father to meet the needs. *Holt v. Holt, supra.* But where there is a finding of ability to pay supported in the record by competent evidence, that finding will be conclusive. *Sawyer v. Sawyer, supra.*

In the previous opinion in this case, this Court held there had been findings of need and of ability to pay beyond the $65.00

provided monthly by the plaintiff. At the second hearing to ascertain the current ability of the plaintiff to pay, the court made detailed findings as to plaintiff's income and expenses. There was evidence that his financial situation had changed since the first hearing due to the birth of twins to his second wife. But there was also evidence that his monthly earnings had increased, that his Veterans Administration student benefits had increased, and that his present wife was employed and also receiving child support payments from her previous husband. There was evidence that plaintiff owned golf equipment worth $500.00 and that he maintained an annual membership at a golf club. Just prior to the second hearing, plaintiff purchased a $4,000.00 automobile for his second wife.

[3] The finding of the trial court that the plaintiff had the ability to pay the support ordered is supported in the record by competent evidence. No abuse of discretion appears concerning the support order.

[4] As to the second question, plaintiff contends there were insufficient findings of fact to support the award of attorney's fees. We agree.

General Statute 50-13.6 authorizes the court to order payment of legal fees if there are findings of fact that the fee is reasonable, that the moving party is acting in good faith without sufficient means to defray legal expenses, and that the party ordered to furnish support has refused to provide support which is adequate under the circumstances existing at the time of the institution of the suit. In this case there are adequate findings showing that the defendant acted in good faith without sufficient financial means and that plaintiff had refused to provide adequate support.

The partial listing of legal expenses, however, is an insufficient finding of fact as to the reasonable worth of attorney's fees. *Rickenbaker v. Rickenbaker*, 21 N.C. App. 276, 204 S.E. 2d 198 (1974); *Austin v. Austin*, 12 N.C. App. 286, 183 S.E. 2d 420 (1971).

That part of Judge Tate's order setting child support is affirmed. That part of the order awarding attorney's fees is

vacated and remanded for further proceedings in accordance with this opinion.

Affirmed in part, vacated in part, and remanded.

Judges BRITT and MORRIS concur.