SHIRLEY S. BEASLEY v. DWIGHT R. BEASLEY

No. 771DC771

(Filed 18 July 1978)

Divorce and Alimony § 24.9— child support—ability of father to pay—findings supported by evidence

Evidence was sufficient to support the trial court's finding that defendant's income and assets after expenses were sufficient to enable him to pay increased child support and plaintiff's attorney's fee, though defendant of-

fered evidence that his net income was $760 per month and his expenses were $968.50 per month, since all of defendant's expenses were not necessary expenses, and the needs of the children of defendant's first marriage could not be subservient to the needs of his second family.

Judge MARTIN dissenting.

APPEAL by defendant from *Beaman, Judge.* Order entered 22 July 1977 in District Court, DARE County. Heard in the Court of Appeals 20 June 1978.

This proceeding arises out of a divorce action instituted by plaintiff wife against defendant husband. Plaintiff was granted an absolute divorce in 1972 and awarded child support for the two minor children of the marriage in the amount of $35 per week.

In February 1977, plaintiff filed a motion in the cause to increase the amount of the child support payments. Following a hearing, of which defendant was properly served notice but failed to appear, the court increased the child support payment to $50 per week plus medical and dental expenses. In addition, defendant was ordered to pay plaintiff's attorney $130 in attorney's fees.

In June 1977, plaintiff obtained an order requiring defendant to appear and show cause why he should not be held as for contempt for failing to comply with the order of 8 February 1977. Defendant was in arrears $75 in child support and $65 on the attorney's fees. At the hearing, plaintiff introduced into evidence the February 1977 order which included findings that defendant's income had increased since the last hearing, that the necessary expenses of the two minor children had increased, that defendant is paying nothing toward their medical and dental expense, that defendant has purchased a home for his family in New York, and that plaintiff could manage to take care of the children's needs upon payment by defendant of $50 per week for their maintenance and support. The court concluded "[t]hat the defendant's primary responsibility is to these two children and the Court cannot allow their needs to be subservient to the needs of the remarriage and other children", and ordered that defendant pay $50 per week for the support of the two minor children, that defendant pay all medical and dental expenses with the exception that he be required to pay only one-half of the orthodontic expense for one child estimated to amount to a total of $1450 over a

four-year period, and that defendant pay plaintiff's attorney the sum of $130.

Defendant testified that when he was paying $35 per week his weekly net income was $90; that his present net income is $760 per month. He further testified that he had purchased a three bedroom home for him, his wife and child to occupy in New York; that the home cost $40,000, and he acquired the $5,000 down payment by the sale of his residence in North Carolina; that his current monthly expenses amounted to $968.50 per month including child support payments to plaintiff of $140; that his present wife has to work part time to help meet expenses of the family.

The trial court found that defendant's income and assets, after consideration of his expenses, were sufficient to enable him to pay the arrearages. Based on this finding and defendant's admission of his noncompliance, the court concluded that defendant had willfully refused to comply with the February 1977 order, currently possessing the means to do so and, therefore, was in willful contempt of court. Defendant appealed.

*Aldridge and Seawell, by Christopher L. Seawell and Daniel D. Khoury, for plaintiff appellee.*

*LeRoy, Wells, Shaw, Hornthal, Riley and Shearin, by John G. Gaw, Jr., for defendant appellant.*

MORRIS, Judge.

Defendant contends that the evidence presented is not sufficient to support the court's finding that defendant's income and assets after expenses are sufficient to enable him to pay the increased child support and attorney's fee. We disagree.

Unquestionably, in determining defendant's ability to meet the required payments for the support of his children, some reasonable allowance must be made for his living expenses, *Fuchs v. Fuchs*, 260 N.C. 635, 133 S.E. 2d 487 (1963), and for the fact that he has a second family. However, we agree with the court that the needs of children of his first marriage cannot be made subservient to the needs of his second family.

Included among the monthly expenses to which defendant testified were house payment of $305, utility bill of $105, and food for himself only of $200. We find it difficult to believe that these are *necessary* living expenses of the defendant. Obviously, there is some equity in the house. Defendant testified he drove a two-year-old car on which he made monthly payments of $145. There was no evidence with respect to how long those payments would continue. In the judgment before us, the court found as a fact that the defendant had the expenses to which he testified. There was no finding that these, or any of them, were *necessary* expenses. Nor was such a finding required. Finding of fact No. 17 clearly shows that the court did not consider all of the expenses listed necessary expenses. That finding is as follows:

"That the defendant's income and assets, *after consideration of his expenses*, is sufficient to enable the defendant to have paid the arrearages as provided in said Order of February 8, 1977 as well as the attorney fees also provided in said Order." (Emphasis supplied.)

A case strikingly similar to the case *sub judice* is *Wyatt v. Wyatt*, 32 N.C. App. 162, 231 S.E. 2d 42 (1977). There the father testified that his monthly expenses were in excess of $900 and his net monthly income was $589.45; and that his present wife had to work to help meet expenses. There was also testimony that he was buying a home; that he was paying on an automobile for his wife as well as one for himself; and that he owned golf equipment and maintained membership in a golf club. The court, in its order, set out all the expenses to which the father testified but found that he had the ability to pay the support ordered, which was a substantial increase over that provided for in a separation agreement. The father appealed contending that the evidence did not support a finding of the father's ability to pay. We said, in an opinion by Chief Judge Brock, "The finding of the trial court that the plaintiff had the ability to pay the support ordered is supported in the record by competent evidence." 32 N.C. App. at 165, 231 S.E. 2d at 43. So it is in the case *sub judice*.

Defendant further contends that the findings of fact were insufficient to support the court's conclusion that defendant has willfully refused to comply with the February 1977 order and currently possesses the means to do so. In order for defendant's

Beasley v. Beasley

failure to comply to be contumacious, he must possess the means to comply and deliberately refuse to do so. *Bennett v. Bennett*, 21 N.C. App. 390, 204 S.E. 2d 554 (1974). Here defendant admitted noncompliance and his only excuse, as the court found, was that he did not feel that he could afford to pay the increase of $15 per week. As we have previously pointed out, the court's finding of ability to pay was supported by the evidence. This assignment of error is overruled.

Affirmed.

Judge VAUGHN concurs.

Judge MARTIN dissents.

Judge MARTIN dissenting.

An order awarding or increasing child support must be based not only on the needs of the child, but also *on the ability of the father to meet these needs. Holt v. Holt*, 29 N.C. App. 124, 223 S.E. 2d 542 (1976). Thus, paramount to the validity of any child support order is the trial court's finding, from the evidence presented, that the father currently possesses the ability to pay the amount awarded. This Court is bound by such a finding only if it is supported by competent evidence in the record. *Sawyer v. Sawyer*, 21 N.C. App. 293, 204 S.E. 2d 224 (1974).

Within the framework of these principles, the majority holds that the evidence presented at the hearing below was sufficient to support the trial court's finding that defendant's income and assets after expenses are sufficient to enable him to pay the increased child support and attorney's fee. With this I cannot agree.

At the hearing, defendant presented evidence of his monthly expenses as follows: mortgage payment, including taxes and insurance — $305.00; car payment — $145.00; utility bill — $105.00; child support payments to plaintiff — $140.00; life and accident insurance — $11.50; car insurance — $30.00; telephone bill — $12.00; clothing (self only) — $10.00; food (self only) — $200.00; medical and dental — $10.00. This evidence was expressly found as fact by the trial court and establishes that defendant had *personal* expenses, exclusive of the additional expenses of his second wife and a child

of that marriage, totaling $968.50 per month. Defendant's evidence further shows and the court found as fact that defendant's net monthly income is $760.00, and his only assets include a mortgaged house—which defendant purchased only a year prior to the hearing, deriving the down payment from the sale of his home in North Carolina—and a two-year-old car on which he is still making payments. None of these assets is income producing and there is no evidence that defendant has income from any other source.

Plaintiff's evidence at the hearing consisted of the February 1977 order which, pertinent to defendant's ability to comply, states only that defendant has increased his income and has purchased a home.

In the face of this evidence, the majority justifies the challenged finding by asserting that certain expenses testified to by defendant—specifically, the house payment and utility and food bills—were not *necessary* living expenses, and that the trial court intimated the same by stating that defendant's income and assets, *after consideration of his expenses*, were sufficient to enable him to meet the increased payments. Taking judicial notice of the expenses essential to maintaining even a minimum standard of living in today's society, I am unable to concur in the reasoning employed by the majority in its efforts to disregard the significance of the expenses testified to by defendant and found as fact by the court.

Furthermore, I cannot acquiesce in the majority's reliance on *Wyatt v. Wyatt, supra,* as supportive of the position it has taken in the case at bar. Although not included in this Court's reported opinion of that case, the record on appeal in *Wyatt* discloses, as the majority states, that the father had monthly expenses in excess of $900.00—specifically, $911.00—and personal net income of $589.45 per month. However, a further look at that record on appeal reveals that the father's second wife brought home an additional $235.00 per month and received $80.00 per month support for a child of a prior marriage. These additional sources of income were significant to a determination of his ability to pay the increased support when one considers that the expenses listed by the father in *Wyatt*, unlike the instant case, included those expenses incurred by the father in maintaining his present family

unit—his second wife, her child from a prior marriage and their twin daughters. Finally the father in *Wyatt* testified that he was a member of a golf club with an annual membership fee of $125.00 and owned golf clubs worth $500.00. These facts in mind, I cannot say that this Court's decision in *Wyatt* compels or even strongly supports an identical result in the instant case.

On the evidence presented at the hearing below, I strongly believe that the trial court's finding that defendant possessed sufficient income to comply with the support order was error.