GAIL H. WILLIFORD AND TINA GAIL WILLIFORD v. DAVID E. WILLIFORD

No. 8116DC674

(Filed 6 April 1982)

1. **Divorce and Alimony §§ 21, 24.4— failure to make alimony and child support payments—order finding contempt proper**

   The trial court did not err in entering an order adjudging defendant in wilful contempt for failure to make alimony and child support payments where defendant voluntarily left the employment he had when a separation agreement was entered, defendant remarried and had a child by the second marriage, he applied his income to matters other than his obligations under the

agreement and court orders, and where defendant failed to comply with an order to specifically perform the provisions of the separation agreement.

2. **Divorce and Alimony § 19.5— specific performance of separation agreement does not subject it to modification**

The exercise of the equitable remedy of specific performance does not alter the contractual nature of a separation agreement and does not render it a court order subject to modification; therefore, where the court ordered specific performance of the provisions of a separation agreement concerning alimony and support payments, the court did not err in refusing to admit evidence of defendant's changed circumstances and to modify the alimony provision.

APPEAL by defendant from *Ellis, Judge.* Order entered 30 January 1981 in District Court, SCOTLAND County. Heard in the Court of Appeals 4 March 1982.

Defendant appeals from an order adjudging him in wilful contempt for failure to make alimony and child support payments.

*Terry R. Garner and David F. Tamer for plaintiff appellees.*

*John C. B. Regan, III, for defendant appellant.*

WHICHARD, Judge.

The complaint alleged and the answer admitted that defendant and plaintiff Gail H. Williford had entered a Separation Agreement providing for payment by defendant of alimony and child support. On the basis of defendant's admission, summary judgment was allowed and defendant was ordered specifically to perform the provisions of the agreement.

Thereafter the court adjudged defendant in contempt for non-compliance. It prescribed a method whereby he could purge the contempt. Defendant again failed to comply, however, and a further contempt order was entered.

Defendant appeals from this order, assigning as error (1) entry of the order, and (2) refusal to admit his evidence of changed circumstances and to modify the alimony provisions. We affirm.

[1] Defendant contends he lacked the means to make the payments, and that his failure to comply thus was not wilful. He attributes his inability to make the payments to (1) reduction in income, and (2) acquisition of a second family.

The court found the following facts:

Defendant voluntarily left the employment he had when the agreement was entered. He obtained new employment at a reduction in gross annual salary of approximately $7,000.00. He then voluntarily left that employer to work for an unnamed concern for undisclosed compensation. His income situation was thus "of his own making."

Defendant remarried and had a child by the second marriage. He applied his income to matters other than his obligations under the agreement and court orders. Since entry of the orders he had continued to pay his country club dues, truck payments, and bank loan payments. Despite no ownership interest therein, he had commenced making the payments on a home owned by his second wife.

These findings are supported by competent evidence. They are thus conclusive on appeal and are reviewable only as to their sufficiency to warrant the order. *Clark v. Clark*, 294 N.C. 554, 243 S.E. 2d 129 (1978); *Rose's Stores v. Tarrytown Center*, 270 N.C. 206, 154 S.E. 2d 313 (1967); *State Board of Registration v. Testing Laboratories, Inc.*, 52 N.C. App. 344, 278 S.E. 2d 564 (1981); *Jones v. Jones*, 52 N.C. App. 104, 278 S.E. 2d 260 (1981).

"[O]ne does not act willfully in failing to comply with a judgment if it has not been within his power to do so since the judgment was rendered." *Lamm v. Lamm*, 229 N.C. 248, 250, 49 S.E. 2d 403, 404 (1948). *See also Mauney v. Mauney*, 268 N.C. 254, 150 S.E. 2d 391 (1966); *Vaughan v. Vaughan*, 213 N.C. 189, 195 S.E. 351 (1938); *Jones v. Jones, supra; Teachey v. Teachey*, 46 N.C. App. 332, 264 S.E. 2d 786 (1980). However, "[a] defendant may not deliberately divest himself of his property and in effect pauperize himself for appearance at a hearing for contempt and thereby escape punishment because he is at that time unable to comply with the court order." *Bennett v. Bennett*, 21 N.C. App. 390, 393, 204 S.E. 2d 554, 556 (1974). Further, "[p]ayment of alimony may not be avoided merely because . . . the husband has remarried and voluntarily assumed additional obligations." *Sayland v. Sayland*, 267 N.C. 378, 383, 148 S.E. 2d 218, 222 (1966). This principle also prevails with regard to child support. *Crosby v. Crosby*, 272 N.C. 235, 158 S.E. 2d 77 (1967); *Hemby v. Hemby*, 29 N.C. App. 596, 225 S.E. 2d 143, *disc. rev. denied*, 290 N.C. 661, 228 S.E.

2d 452 (1976). *See also Beasley v. Beasley*, 37 N.C. App. 255, 245 S.E. 2d 820 (1978), *aff'd*, 296 N.C. 580, 251 S.E. 2d 433 (1979); 3 Lee, North Carolina Family Law, § 229, p. 132 (4th ed. 1981).

Pursuant to these principles the above findings, supported by competent evidence, sufficed to warrant the order. The assignment of error to its entry is therefore overruled.

[2] Defendant further contends the court erred in refusing to admit evidence of his changed circumstances and to modify the alimony provisions. He argues that by securing an order of specific performance, plaintiffs changed the agreement from "a mere contract . . . which could not be modified, to a court order . . . which can be modified . . . based upon changed conditions."

Defendant relies on cases involving separation agreements which had been incorporated into court decrees and compliance therewith ordered. *See Bunn v. Bunn*, 262 N.C. 67, 136 S.E. 2d 240 (1964); *Britt v. Britt*, 36 N.C. App. 705, 245 S.E. 2d 381 (1978). In such cases the agreement becomes an adjudication by the court and thus subject to modification by court order. *Mitchell v. Mitchell*, 270 N.C. 253, 154 S.E. 2d 71 (1967); *Sayland v. Sayland, supra.* Except in such cases, however, "[t]he ordinary rules governing the interpretation of contracts apply to separation agreements and the courts are without power to modify them." *Church v. Hancock*, 261 N.C. 764, 765, 136 S.E. 2d 81, 82 (1964).

The Separation Agreement here had not been incorporated into a court decree with which the parties had been ordered to comply. Because the available remedy at law for enforcement of a separation agreement not incorporated into a judicial decree is inadequate, plaintiff was entitled to a decree of specific performance ordering defendant to comply with the agreement. *Moore v. Moore*, 297 N.C. 14, 252 S.E. 2d 735 (1979). *See also Henderson v. Henderson*, --- N.C. App. ---, 286 S.E. 2d 657 (1982). Defendant cites no authority, however, and our research discloses none, holding that exercise of the equitable remedy of specific performance alters the contractual nature of a separation agreement, and renders it a court order subject to modification. The agreement would thus appear to remain a contract which the courts are without power to modify. *Church v. Hancock, supra; see also Henderson v. Henderson, supra; Haynes v. Haynes*, 45 N.C. App. 376, 263 S.E. 2d 783 (1980).

Assuming the contrary, however, *arguendo* only, defendant is not availed thereby. The excluded evidence establishes that defendant's changed circumstances resulted largely from his voluntary changes of employment and his remarriage; and there was no evidence demonstrating good faith efforts by defendant to comply with the provisions of the Separation Agreement. Under these circumstances modification was not merited.

The order is

Affirmed.

Judges MARTIN (Robert M.) and MARTIN (Harry C.) concur.