Harris v. Harris

---

JANE S. HARRIS, PLAINTIFF v. VAN T. HARRIS, DEFENDANT

No. 882DC235

(Filed 1 November 1988)

1. **Divorce and Alimony § 24.4— child support—failure to comply with order— willfulness required in order to find contempt—voluntary bankruptcy as willfulness**

   Before a person may be held in civil contempt for failure to comply with a child support order and punished by proceedings for criminal contempt, his failure to comply with the court order must be willful; however, a defendant may not deliberately divest himself of his assets by voluntarily placing them in bankruptcy and thereby render himself unable to comply with the order so that he can escape a contempt citation. N.C.G.S. § 50-13.4(f)(9); N.C.G.S. § 5-21.

2. **Divorce and Alimony § 24.5— child support—voluntary filing of bankruptcy— no change of circumstances warranting reduction in payments**

   Defendant's voluntary filing of a petition in bankruptcy did not constitute a substantial change of circumstances which would warrant a reduction in his child support payments where the record revealed that defendant had ample opportunities and assets through which he could have reorganized his finances and also fulfilled his financial responsibility to his family.

3. **Divorce and Alimony § 27— child support—award of attorney's fees without proper findings—error**

> The trial court erred in awarding plaintiff attorney's fees in an action for child support where the court failed to make any statutorily required findings of fact as to whether plaintiff acted in good faith and had insufficient means to defray the expenses of the action and whether defendant refused to provide adequate support under the circumstances existing at the time of the institution of the action. N.C.G.S. § 50-13.6.

APPEAL by defendant from *Ward, Judge.* Order entered 28 October 1987 in District Court, MARTIN County. Heard in the Court of Appeals 31 August 1988.

*Smith and Daly, P.A., by Lloyd C. Smith, Jr.; Hopkins & Allen, Attorneys at Law, by Grover Prevatte Hopkins and John Francis Oates, Jr., for plaintiff-appellee.*

*Stubbs, Perdue, Chesnutt & Wheeler, P.A., by Gary H. Clemmons, for defendant-appellant.*

JOHNSON, Judge.

Defendant appeals from an order which: (1) found him in willful contempt of a previously entered child support order; (2) denied his motion for a reduction in child support payments based upon "changed circumstances"; and (3) granted attorney's fees to the plaintiff.

Plaintiff and defendant entered a union of marriage on 22 June 1974. Three children were born of this union, to wit: Katherine Styons Harris, born 27 March 1975; Holley Taylor Harris, born 19 December 1976; and Justin Dixon Harris, born 31 March 1978.

On 2 October 1985, plaintiff instituted an action against defendant in which she sought child custody, child support, alimony, equitable distribution of the marital property and attorney's fees. On 22 November 1985, the parties executed a consent judgment effective retroactively as of 24 October 1985, the pertinent terms of which appear as follows: legal and physical custody of the couple's three minor children were awarded to plaintiff; defendant agreed to pay $1,000.00 per month as child support; and defendant agreed to convey to the minor children a remainder interest in a parcel of land known as the "Roebuck Farm," reserving a life estate in himself.

On 11 December 1985, plaintiff and defendant entered into a separation agreement in which they ratified and incorporated the terms of the aforementioned consent judgment. Defendant herein sued for and was granted an absolute divorce on 30 December 1985 based upon one year's separation. The judgment of divorce incorporated by reference the terms of the 11 December 1985 separation agreement.

On 25 September 1986, a hearing was held in the District Court of Martin County pursuant to a show cause order filed by plaintiff which cited defendant's failure to comply with the child support provision of the separation agreement which had been incorporated into the judgment of divorce. At the time of the hearing, defendant was in arrears on his obligation to pay child support in the amount of $2,144.00. At this hearing, the court also heard defendant's motion to reduce his monthly child support obligation. Defendant contended that his filing a petition in bankruptcy under 11 U.S.C.S. sec. 1121 (1984), by which he sought to reorganize his finances, constituted a substantial change in circumstances which would warrant a reduction in the child support payment of $1,000.00 per month he had agreed to pay in the 24 October 1985 consent judgment.

In its order of 25 September 1986, the trial court ordered defendant to convey the life estate he had retained in the "Roebuck Farm" to his minor children so that the farm could be leased or sold and the proceeds applied toward their support. The court also adjudged defendant's failure to comply with the support order to be willful and in contempt of court, and denied his motion for reduction in child support payments.

After the entry of this order, defendant filed a petition in the United States Bankruptcy Court, to be evaluated in light of his pending bankruptcy proceeding, to have the original transfer of the remainder interest in the "Roebuck Farm" to his children, as well as the subsequent court ordered transfer of his life estate in the farm, declared void. On 17 September 1987, an order was entered in Federal Bankruptcy Court for the Eastern District of North Carolina declaring that the life estate in question was in fact property of the bankrupt estate and was unavailable for satisfaction of delinquent child support payments. The Court also determined that plaintiff could continue her action for child sup-

port in state court and could attempt to collect upon any of defendant's properties which were not included in the bankrupt estate.

On 28 October 1987, plaintiff's second show cause order alleging defendant's failure to make the court ordered child support payments, along with defendant's second motion for a reduction in child support payments, came on for hearing in the District Court of Martin County. The court determined that as of the hearing date, defendant had incurred an arrearage of $11,400.00 and that his failure to comply with the child support provision of the 30 December 1985 judgment of divorce was willful and in contempt of court. The court then ordered defendant to pay $300.00 per month child support pending the outcome of his petition in bankruptcy, as well as $3,302.40 to plaintiff for her attorney's fees. From this order, defendant appeals.

Defendant contends on appeal that the trial court abused its discretion in (1) finding him in willful contempt for his failure to make the court ordered child support payments; (2) denying his motion for reduction in the child support payments; and (3) awarding attorney's fees to plaintiff.

[1] Defendant first argues that although G.S. sec. 50-13.4(f)(9) and G.S. sec. 5A-21 have deleted the term "willful" from their present versions, the case law in this state continues to require a showing of willful disobedience of the court order before a person may be held in contempt for failing to comply with a child support order. He further argues that since his voluntary placement of his assets in bankruptcy left him with a salary of only $500.00 per month as authorized by the bankruptcy court, then his noncompliance with the child support order of $1,000.00 per month was not only "non-willful" but impossible.

We agree with defendant's contention that before a person may be held in civil contempt for failure to comply with a child support order (G.S. sec. 50-13.4(f)(9) ) and punished by proceedings for criminal contempt pursuant to G.S. sec. 5A, his failure to comply with the court order must be willful. *Jones v. Jones*, 52 N.C. App. 104, 278 S.E. 2d 260 (1981). However, it is also well established that a defendant may not deliberately divest himself of his assets and thereby render himself unable to presently comply with the order to provide support and thus escape a contempt

Harris v. Harris

citation. *Bennett v. Bennett*, 21 N.C. App. 390, 204 S.E. 2d 554 (1974).

We see no reason to distinguish this voluntary purging of assets in bankruptcy in the case *sub judice* from a situation where a defendant voluntarily takes on additional financial obligations, *Williford v. Williford*, 56 N.C. App. 610, 289 S.E. 2d 907 (1982); fails to take a job that would enable him to make payments, *Frank v. Glanville*, 45 N.C. App. 313, 262 S.E. 2d 677 (1980); or terminates former employment and assumes a lower-paying position, *Bennett, supra*, in order to avoid complying with a child support order.

In its order of 28 October 1987, the trial court specifically found the following facts:

29. Because of the unencumbered state of the large amount of farm equipment owned by the Defendant, because of the unencumbered state of the life estate of the Defendant in the F. J. Roebuck Farm, and because of his present earnings and earnings potential, the Defendant has the means and estate whereby he can comply with the child support order previously entered herein; although, the [Defendant's] voluntary filing of a Chapter 11 Petition Reorganization in Bankruptcy Court has, as a practical matter, limited this Court's authority to deal with the assets of the Defendant until such time as the Reorganization Plan of the Defendant is either approved or disapproved by the Bankruptcy Court.

30. The Defendant has been unable to demonstrate to the Court what, if any, decrease in his earning ability or his present earnings exist.

The court then reached these conclusions of law:

3. There has been no change of circumstances since September 25, 1986, as would require or allow this Court to modify the amount of support which the Defendant is required to pay.

4. The failure of the Defendant to comply with the terms of child support contained in the judgment dated October 24, 1985, is willful and in contempt of this Court.

5. Because the Defendant has voluntarily filed a Chapter 11 Petition in Bankruptcy Court, this Court cannot order the sale of the substantial assets of the Defendant to comply with the prior order of child support entered herein; and prior to incarcerating the Defendant for contempt or ordering the sale of the assets of the Defendant to comply with the prior order of child support entered herein, the Court must await the ratification of the plan of the Defendant in Bankruptcy Court or the rejection of his plan in Bankruptcy Court.

6. The Defendant's failure to pay child support is willful, as except for his voluntary placement of his assets into the control of the United States Bankruptcy Court, he would have the means and ability to comply with the prior child support order entered herein, . . .

We find and so hold that these findings of fact and conclusions of law are supported by competent evidence. Having found that they are sufficient to warrant the order entered by the trial court, we also hold that they are conclusive on appeal. *Williford, supra.*

[2] Defendant next argues that his voluntary filing of a petition in bankruptcy constitutes a "substantial change of circumstances" which would warrant a reduction in his child support payments. He contends that the "depression in the farm community in 1986 and 1987" required him to seek protection from his creditors, and therefore his ability to pay should be determined by his actual income of $500.00 per month and not his earning capacity. *Goodhouse v. DeFravio*, 57 N.C. App. 124, 290 S.E. 2d 751 (1982) allows a court to use earning capacity rather than actual earnings either as the basis for setting an award of child support or in evaluating a request for a modification where it is found that the supporting spouse is deliberately suppressing his income or acting in disregard of his obligation to provide support.

We find that the court committed no abuse of discretion in denying defendant's request for a modification of the child support order. The record is replete with evidence to support this conclusion of law. At the time when the child support order was entered, defendant agreed that his gross estate totalled not less than $2,473,476.00. In the spring and summer of 1986, defendant sold parcels of land totalling $33,100.00. Defendant also had a

gross income from 11 August 1986 to 11 October 1987 of not less than $83,654.72 which was reported to the Bankruptcy Court for distribution to his creditors. After the trial court ordered defendant to convey his life estate in the "Roebuck Farm" to his three minor children, defendant reported this action to the Bankruptcy Court which voided the conveyance. If this conveyance had been allowed to stand, defendant's minor children would have received not less than $7,000.00 per year from the rental of the farmland.

These facts indicate that defendant is acting in disregard of his support obligation to his three minor children. Although it was his prerogative to reorganize his finances, the record reveals ample opportunities and assets through which he could have accomplished that goal and also fulfilled his financial responsibility to his family.

[3] Lastly, defendant argues that the court abused its discretion by awarding attorney's fees to the plaintiff pursuant to G.S. sec. 50-13.6. We agree.

G.S. sec. 50-13.6 provides in pertinent part that:

In an action or proceeding for the custody or support, or both, of a minor child, including a motion in the cause for the modification or revocation of an existing order for custody or support, or both, *the court may in its discretion order payment of reasonable attorney's fees to an interested party acting in good faith who has insufficient means to defray the expense of the suit. Before ordering payment of a fee in a support action, the court must find as a fact that the party ordered to furnish support has refused to provide support which is adequate under the circumstances existing at the time of the institution of the action or proceeding;* . . . (Emphasis added.)

Defendant aptly notes that a trial judge may exercise considerable discretion in allowing or disallowing attorney's fees in cases involving child support. *Brandon v. Brandon,* 10 N.C. App. 457, 179 S.E. 2d 177 (1971). However, the trial court's discretion in awarding attorney's fees is limited not only by the abuse of discretion standard, but also by the requirements of G.S. sec. 50-13.6. *Id.* Our review of the trial court's findings indicates an abuse of discretion in that the trial court failed to follow the mandate of

the statute. In the portion of the 28 October 1987 order which relates to attorney's fees, the court stated the following:

> *FURTHER* the Court having determined that the Plaintiff is entitled to recover her reasonable attorney's fees, received additional evidence, as to the nature of the services rendered to the Plaintiff by her attorneys, . . . and makes the following findings of fact:

With the exception of the last finding of fact, which relates to defendant's ability to pay the attorney's fees, all of the findings relate to the reasonableness of the fee charged. These required findings as to the reasonableness of the fee, *Austin v. Austin*, 12 N.C. App. 286, 183 S.E. 2d 420 (1971), are detailed and quite adequate. However, the findings as a whole are insufficient to support the award, as the statutory requirements were not met.

> Thus, to award attorney's fees in a child support action, the trial court must find as fact that (1) the interested party (a) acted in good faith and (b) has insufficient means to defray the expenses of the action and further, that (2) the supporting party refused to provide adequate support 'under the circumstances existing at the time of the institution of the action or proceeding.' [G.S. sec. 50-13.6.]

*Brower v. Brower*, 75 N.C. App. 425, 429, 331 S.E. 2d 170, 174 (1985) (citations omitted).

The trial court's order is devoid of any of the aforementioned statutorily required findings of fact. Therefore, the award of attorney's fees cannot stand. We therefore affirm the trial court in every respect except as to attorney's fees. In that regard, we vacate and remand this case to the trial court so that it may make additional findings of fact on the issue of attorney's fees.

Affirmed in part, vacated and remanded in part.

Judges PARKER and COZORT concur.