IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA 23-801

Filed 6 August 2024

Craven County, No. 97 CRS 8887

STATE OF NORTH CAROLINA,

v.

WILLIAM DAWSON, Defendant.

Appeal by Defendant from order entered 16 January 2023 by Judge Joshua W. Willey, Jr., in Craven County Superior Court. Heard in the Court of Appeals 3 April 2024.

*Attorney General Joshua H. Stein, by Special Deputy Attorney General Robert C. Montgomery, for the State.*

*Appellate Defender Glenn Gerding, by Assistant Appellate Defender Amanda S. Zimmer, for Defendant.*

DILLON, Chief Judge.

In 1999, Defendant William Dawson was sentenced to life without parole. In 2022, he sought review of his criminal sentence pursuant to N.C. Gen. Stat. § 15A-1380.5 (now repealed). He appeals the trial court's recommendation to the parole board pursuant to that statute that he "not be granted parole nor should his judgment be altered or commuted." We vacate and remand for further proceedings.

I. Background

This appeal concerns the proper application of G.S. 15A-1380.5, which was

enacted by our General Assembly in 1994, but repealed in 1998.

In 1994, our General Assembly enacted legislation which allowed a defendant to be sentenced to life without parole ("LWOP") for first-degree murder. To mitigate the otherwise finality of an LWOP sentence, our General Assembly also enacted G.S. 15A-1380.5, which provides a defendant sentenced to LWOP and who has served 25 years, the opportunity to have his sentence reviewed. Under that statute (hereinafter the "Statute"), a resident superior court judge is to review the defendant's case and make a recommendation to the Governor or agency designated by the Governor as to whether the defendant's LWOP sentence should be altered or commuted. In 2019, Governor Roy Cooper designated the Post-Release Supervision and Parole Commission (the "Parole Commission") to be the recipients of such recommendations.

In 1998, our General Assembly repealed the Statute. Notwithstanding, the Statute remains available for defendants sentenced to LWOP for crimes committed between 1 October 1994 and 1 December 1998. *See State v. Young*, 369 N.C. 118, 794 S.E.2d 274 (2016) (discussing the process under the Statute for which a defendant sentenced to LWOP for a crime committed between 1994 and 1998 may seek review).

Defendant was indicted for first-degree murder in 1997 for allegedly killing an individual that same year. In 1999, a jury found him guilty of first-degree murder, and the trial court sentenced him to LWOP.

In July 2022, Defendant filed a motion in the trial court requesting that his sentence be reviewed by a resident superior court judge pursuant to the Statute.

After reviewing Defendant's case, by order entered 16 January 2023 (the "Order"), the trial court recommended to the Parole Commission that Defendant should not be granted parole, nor should his 1999 LWOP sentence be altered or commuted. Defendant appeals.

## II.    The Statute

As this appeal concerns the proper interpretation of a statute that has been repealed, the text of the Statute is reproduced below:

(a)    For the purposes of this Article the term "life imprisonment without parole" shall include a sentence imposed for "the remainder of the prisoner's natural life."

(b)    A defendant sentenced to life imprisonment without parole is entitled to review of that sentence by a resident superior court judge for the county in which the defendant was convicted after the defendant has served 25 years of imprisonment. The defendant's sentence shall be reviewed again every two years as provided by this section, unless the sentence is altered or commuted before that time.

(c)    In reviewing the sentence the judge shall consider the trial record and may review the defendant's record from the Department of Correction, the position of any members of the victim's immediate family, the health condition of the defendant, the degree of risk to society posed by the defendant, and any other information that the judge, in his or her discretion, deems appropriate.

(d)    After completing the review required by this section, the judge shall recommend to the Governor or to any executive agency or board designated by the Governor whether or not the sentence of the defendant should be altered or commuted. The decision of what to recommend is in the judge's discretion.

(e)     The Governor or an executive agency designated under this section shall consider the recommendation made by the judge.

(f)     The recommendation of a judge made in accordance with this section may be reviewed on appeal only for an abuse of discretion.

N.C. Gen. Stat. § 15A-1380.5 (1995) (repealed 1998).

### III.     Analysis

### A.  Defendant's Right to Appeal

We first consider whether Defendant has the right to appeal from a recommendation made by a trial court to the Parole Commission under the Statute concerning his LWOP sentence.  For the reasoning below, we conclude that he does.

It is true that, as explained by our Supreme Court, the recommendation by a trial court to the Parole Commission is not binding on anyone:

> Ultimately, "[t]he decision of what to recommend is in the judge's discretion," and the only effect of the judge's recommendation is that "[t]he Governor or an executive agency designated under this section" must "consider" it.

*Young*, 369 N.C. at 124–25, 794 S.E.2d at 279 (citing § 15A–1380.5(e)).

The only language in the Statute which references appellate procedure is in its last subsection, providing that "[t]he recommendation of a judge made in accordance with this section may be reviewed on appeal only for an abuse of discretion."  N.C. Gen. Stat. § 15A-1380.5(f).  This language states the legal standard we are to use when reviewing a trial court's recommendation on appeal.  However, it does not

expressly provide a defendant the *right* to an appeal. We conclude, though, from this and statutory provisions that our General Assembly intended to provide a defendant with the right to an appeal from a recommendation.

In reaching our conclusion, we note that our General Assembly has provided our Court with "jurisdiction to review upon appeal *decisions* of" a trial court. N.C. Gen. Stat. § 7A-26 (2023) (emphasis added). We further note that the Statute refers to the trial court's recommendation to the Parole Commission as a "decision" by that court. N.C. Gen. Stat. § 15A-1380.5(d).

Further, a defendant has *the right* to appeal to our Court from a decision that is a "final judgment of a superior court[.]" N.C. Gen. Stat. § 7A-27(b)(1) (2023). Here, the Statute provides Defendant the right to seek a type of relief in the superior court, though admittedly this relief is *extremely slight*. *See Young*, 369 N.C. at 124, 794 S.E.2d at 279 (stating that a positive recommendation by a trial court to the Parole Commission "might increase the chance that [an LWOP] sentence will be altered or commuted[.]"). That is, under the Statute a defendant is *not* entitled to a decision from the trial court whether his LWOP sentence should be altered or commuted. Rather, the Statute only provides an entitlement to a decision by the trial court whether *to recommend* to the Parole Commission that his LWOP sentence be altered or commuted, a recommendation which the Parole Commission "must 'consider[.]'" *Id.* at 125, 794 S.E.2d at 279.

Though the relief available is slight, it is relief that our General Assembly

made available to certain defendants. We, therefore, construe a trial court's recommendation to the Parole Commission under the Statute to be a final judgment, as it "disposes of the cause as to all the parties, leaving nothing to be judicially determined between them *in the trial court.*" *Veazey v. City of Durham*, 231 N.C. 357, 361–62, 57 S.E.2d 377, 381 (1950) (emphasis added). Accordingly, Defendant is entitled to a review of the trial court's action for an abuse of discretion.

## B. Abuse of Discretion

We now review the trial court's recommendation to the Parole Commission that Defendant's LWOP sentence not be altered or commuted at this time.

An abuse of discretion "occurs where the trial judge's determination is manifestly unsupported by reason and is so arbitrary that it could not have been the result of a reasoned decision." *State v. Reed*, 355 N.C. 150, 155, 558 S.E.2d 167, 171 (2002) (citations and internal quotation marks omitted).

Under subsection (c) of the Statute, the trial court "*shall* consider the trial record[.]" N.C. Gen. Stat. § 15A-1380.5(c) (emphasis added). Therefore, a trial court's refusal to consider the trial record before making a recommendation would be an abuse of discretion. *See, e.g.*, *Harris v. Harris*, 91 N.C. App. 699, 705–06, 373 S.E.2d 312, 316 (1988) (concluding failure to follow a statutory mandate is an abuse of discretion).

The Statute also provides that the reviewing judge "*may* review . . . the health condition of the defendant" and "any other information as the judge, in his or her

discretion, deems appropriate." N.C. Gen. Stat. § 15A-1380.5(c) (emphasis added).

Defendant argues that the trial court failed to make adequate findings to support its recommendation to the Parole Commission.

The absence of sufficient findings of fact in an order may prevent our Court from conducting meaningful appellate review. *See Martin v. Martin*, 263 N.C. 86, 138 S.E.2d 801 (1964). As our Supreme Court has explained:

> Effective appellate review of an order entered by a trial court sitting without a jury is largely dependent upon the specificity by which the order's rationale is articulated. Evidence must support findings; findings must support conclusions; conclusions must support the judgment. Each step of the progression must be taken by the trial judge, in logical sequence; each link in the chain of reasoning must appear in the order itself. Where there is a gap, it cannot be determined on appeal whether the trial court correctly exercised its function to find the facts and apply the law thereto.

*Coble v. Coble*, 300 N.C. 708, 714, 268 S.E.2d 185, 190 (1980).

Here, most of the trial court's findings contained in the Order were mere recitations of procedural history, including a list of the materials the trial court considered. Specifically, the Order states that the court considered the record from Defendant's trial, as required by the Statute. The Order also states that the court considered other information, including letters from the victim's family, Defendant's criminal history, Defendant's prison record, letters from Defendant's family, and evidence from Defendant concerning his poor health.

However, the only finding in the Order concerning the information the trial

court reviewed was that Defendant was in poor health and suffered from multiple health issues, a finding which would support an opposite recommendation than that ultimately made by the trial court. There certainly was information before the trial court from which it could have made findings to support its recommendation to the Parole Board. However, we conclude the findings in the Order are insufficient for us to conduct a meaningful review of the trial court's reasoning.

We, therefore, vacate the Order and remand the matter to the trial court. On remand, the trial court may make additional findings to support its recommendation or may reconsider its recommendation. Further, the trial court may, in its discretion, consider additional information as allowed by the Statute.

VACATED AND REMANDED.

Judges STADING and THOMPSON concur.