GLENDA M. FRANK, PETITIONER-APPELLEE v. MARSHALL GLANVILLE, RESPONDENT-APPELLANT

No. 7911DC461

(Filed 19 February 1980)

1. **Contempt of Court § 3.1— civil contempt—failure to take job in order to make payments**
    A person may be guilty of civil contempt, even if he does not have the money to make court ordered payments, if he could take a job which would enable him to make those payments and he fails to do so.

2. **Contempt of Court § 6.3— civil contempt—ability to comply with order—finding required**
    In order for a person to be held in civil contempt, the person to whom the contempt order is directed must be able to comply with the order or be able to take reasonable measures that would enable him to comply, and the trial court must find that the defendant has the ability to comply.

APPEAL by defendant from *Christian, Judge.* Order entered 5 March 1979 and amended 10 April 1979 in District Court, HARNETT County. Heard in the Court of Appeals 14 January 1980.

The State of Maine, pursuant to its obligation under Section IV-D of the Social Security Act, 42 U.S.C. § 652(a)(1), commenced

an action for support on behalf of plaintiff and against defendant. The action was forwarded to North Carolina where defendant now resides pursuant to the Uniform Reciprocal Enforcement of Support Act (URESA); and on 7 July 1978, Judge Elton Pridgen ordered defendant to provide support for his children in the amount of $150 per month.

Defendant failed to comply with the order, and on 2 November 1978 an order to show cause was issued. Judge Christian found defendant to be in wilful contempt of the support order during July, August, September, and the first two weeks of October 1978 and committed defendant to the custody of the Harnett County sheriff for sixty days. Defendant was given the opportunity to purge himself by paying $525 in arrearages. The judge also found as fact that since the middle of October 1978 defendant did not have the financial means to comply with the support order.

*Attorney General Edmisten, by Assistant Attorney General William F. Briley, for the State.*

*M. Travis Payne, of Wake-Johnston-Harnett Legal Services, Inc., for defendant appellant.*

HILL, Judge.

Defendant first assigns as error the order that he be imprisoned for civil contempt, contending that a person must possess the present ability to comply with the contempt order before he can be so imprisoned.

Our Supreme Court stated in *Lamm v. Lamm*, 229 N.C. 248, 250, 49 S.E. 2d 403 (1948) that,

> Manifestly, one does not act wilfully in failing to comply with a judgment if it has not been within his power to do so since the judgment was rendered.

*Lamm* has been favorably cited in subsequent cases—*Mauney v. Mauney*, 268 N.C. 254, 150 S.E. 2d 391 (1966), and *Cox v. Cox*, 10 N.C. App. 476, 179 S.E. 2d 194 (1971)—for the same proposition.

[1] Since the decision of the above cases, the legislature has rewritten the statute governing civil contempt. The new statute, G.S. 5A-21, is consistent with prior case law and states that,

Frank v. Glanville

(a) Failure to comply with an order of a court is a continuing civil contempt as long as:

. . . .

(3) The person to whom the order is directed is able to comply with the order or is able to take reasonable measures that would enable him to comply with the order.

The official commentary points out that civil contempt is appropriate " . . . only so long as the court order is capable of being complied with."

The official commentary also points out that subsection (a)(3) of the statute has perhaps broadened the scope of acts punishable by contempt. Under *Lamm, supra,* one could not be punished by contempt for failing to comply with a judgment if, since the time of the judgment, he has not had the ability to do so. The commentary to G.S. 5A-21 attempts to close any loopholes that may have arisen by stating that a person will be guilty of civil contempt, even if he does not have the money to make court ordered payments, if he " . . . could take a job which would enable him to make those payments . . . ." We concur in the interpretation set out in the commentary.

Defendant, by his second assignment of error, contends there was no finding of fact by the trial court of a present ability to comply with the contempt order.

Our Supreme Court stated in *Mauney, supra,* at p. 257, that,

. . . this Court has required the trial courts to find as a fact that the defendant possessed the means to comply with orders of the court during the period when he was in default.

The Court in *Vaughan v. Vaughan,* 213 N.C. 189, 193, 195 S.E. 351 (1938), even found it necessary before a contempt order could be issued for

. . . the court below [to] take an inventory of the property of the [defendant]; find what are his assets and liabilities and his ability to pay and work—an inventory of his financial condition.

The trial court attempted to meet the directive of *Vaughan* in its fourth finding of fact which detailed the property defendant owned. The finding was found to be contrary to the evidence, however, and was deleted by subsequent order. Therefore, no finding of fact that defendant possessed the means to comply with the order was contained in the order.

[2] We find that in order for a person to be held in civil contempt, the person to whom the contempt order is directed must be able to comply with the order or be able to take reasonable measures that would enable him to comply. It would be ridiculous to hold otherwise, for the purpose of civil contempt is not to punish the contemnor, but to coerce compliance with a previous order. *Blue Jeans Corp. v. Clothing Workers*, 275 N.C. 503, 169 S.E. 2d 867 (1969). The trial court must find as fact that the defendant has the ability to comply.

It is not clear from the record in this case that defendant has the ability to comply with the contempt order, ever had the ability, or will ever be able to take reasonable measures that would enable him to comply. For that reason and because no finding of fact detailing defendant's ability to comply with the contempt order was made, this case is reversed and remanded to Judge Christian to find the facts, make conclusions of law, and enter judgment, all in accordance with the provisions of this opinion.

Reversed and remanded.

Chief Judge MORRIS and Judge MARTIN (Harry C.) concur.