SHEILA N. BLAZER v. ROBERT L. BLAZER

No. 923DC65

(Filed 16 March 1993)

1. **Divorce and Separation § 334 (NCI4th)— alimony and child support—maintenance of medical insurance—change of employment—attempt to provide insurance unsuccessful—willful contempt**

The trial court did not err by finding defendant in civil contempt where defendant was required by a consent order to maintain the plaintiff and their minor children as beneficiaries of the hospitalization and medical insurance policy on the current policy or a policy providing similar benefits until the parties were divorced, at which time the obligation to provide plaintiff with insurance would terminate; defendant subsequently anticipated accepting a job in Saudi Arabia; plaintiff and defendant went to an insurance company to take out an additional policy; plaintiff believed she was going to receive a policy that was the same as the previous policy with the exception of a $500 deductible; defendant paid the agent the first premium with the application and accepted employment in Saudi Arabia; the insurance company declined to cover plaintiff because she had pre-existing medical problems; plaintiff obtained a temporary policy from another company and underwent surgery; and the medical bills were not covered by the temporary policy. Although defendant acknowledged his obligation to provide insurance for his wife and children and did not anticipate a rejection of coverage due to plaintiff's pre-existing medical condition, his efforts prior to leaving for Saudi Arabia do not meet his duty to secure insurance similar to the insurance he had before quitting his civil service job.

**Am Jur 2d, Divorce and Separation § 630.**

2. **Appeal and Error § 329 (NCI4th)— exhibit—not offered at hearing—included in record on appeal**

There was no prejudice in the inclusion of an insurance policy in a record on appeal even though the policy was not offered at the contempt hearing below.

**Am Jur 2d, Appeal and Error §§ 526 et seq.**

Appeal by defendant from order entered 25 July 1991 by Judge James E. Ragan III, in Craven County District Court. Heard in the Court of Appeals 4 January 1993.

*Kafer & Hunter, by Charles William Kafer, for plaintiff appellee.*

*David P. Voerman, P.A., for defendant appellant.*

COZORT, Judge.

Defendant appeals the trial court's order holding him in civil contempt of court for violating a consent order entered 14 March 1989 directing him to provide medical insurance for his estranged wife and their children. We conclude that defendant willfully violated the terms of the court order and thus affirm.

On 14 March 1989, defendant Robert L. Blazer and plaintiff Sheila N. Blazer signed a consent order addressing plaintiff's claims for alimony *pendente lite*, alimony, child custody, and child support. The consent order was adopted on that date as the court's determination of the parties' respective rights. The order required in part that defendant "maintain the plaintiff and the minor children of the parties as the beneficiaries of the hospitalization and medical insurance policy that he presently has on them or a policy providing similar protection and benefits." Defendant's obligation to maintain plaintiff's insurance was to terminate upon divorce of the parties; his duty to maintain the children's insurance would continue.

Defendant was employed by the United States Government at the Marine Corps Air Station in Cherry Point, North Carolina, at the time the consent order was entered. Defendant had an insurance policy with Mail Handlers Benefit Plan which was to cover plaintiff until the parties were divorced. In 1989, defendant began exploring the possibility of securing employment in a non-civil service position. Since defendant anticipated accepting a job outside of the United States, and because plaintiff had expressed her con-

cern about having adequate health insurance coverage, the couple went together to Union Bankers Insurance Company (Union) to take out an additional policy. After a meeting with a Union agent, plaintiff believed she was going to receive a policy that was the same as the Mail Handlers policy with the exception of a $500.00 deductible. Defendant paid the agent for the first premium which was submitted with the insurance application. Defendant later quit his civil service job on 5 August 1989, and accepted employment with Lockheed-Arabia in Jeddah, Saudi Arabia.

Following defendant's departure for Saudi Arabia in September of 1989, plaintiff learned that a problem had surfaced with obtaining the insurance policy with Union. Union declined to cover plaintiff because she had pre-existing medical problems. Plaintiff obtained coverage through American Republic Insurance Company (American Republic) through a temporary policy. Plaintiff underwent laser surgery in November of 1989 and had a partial hysterectomy in April of 1990. The medical bills exceeded $7,400.00 and were not covered by the American Republic policy. The parties were divorced on 24 September 1990. On 21 August 1990, following plaintiff's motion for show cause order to find defendant in contempt, the trial court entered an order directing defendant to appear and "show cause why he should not be punished as for contempt of court" for violating the provision in the consent order requiring defendant to maintain insurance for plaintiff and the children. The matter was not heard until February of 1991 due to defendant's relocation to Saudi Arabia. Plaintiff attended the hearing with her attorney; defendant gave testimony over the telephone from Saudi Arabia with his counsel present in court. On 24 July 1991, the trial judge entered an order finding defendant in contempt. Defendant appeals.

[1] Defendant contends the trial court erred by finding him in civil contempt, alleging he did not willfully fail to maintain insurance for his wife. Our standard of review in contempt proceedings is limited to whether there is competent evidence to support the findings of fact and whether the findings support the conclusions of law. *Koufman v. Koufman*, 97 N.C. App. 227, 230, 388 S.E.2d 207, 209 (1990), *rev'd on other grounds*, 330 N.C. 93, 408 S.E.2d 729 (1991). The trial court's order included the following finding of fact:

31. *The defendant's failure to ascertain that the plaintiff and the children had medical insurance coverage which would provide coverage equivalent to the Mail Handlers coverage previously provided to them was in willful contempt of the above quoted provisions of the 14 March 1989 order of Judge Rountree.* The defendant could easily have continued his job with civil service but he intentionally terminated his employment. He knew when he terminated his employment that he would lose this medical insurance coverage but he terminated his employment anyway. The job that he presently has is not appreciably better than the job he quit and, in fact, may be less economically beneficial. Accordingly, he did not substantially improve his economic position by terminating his employment with civil service but, instead, may have taken a position that was financially detrimental. . . . Furthermore, he did not make arrangements before terminating his employment and terminating his insurance to obtain medical insurance which would have provided coverage equivalent to the coverage provided by the Mail Handlers policy.

(Emphasis added.) We are required to examine the record to determine whether competent evidence is present to support this key finding and the corresponding conclusion of law holding that defendant was in willful contempt of the 14 March order. Our Court has held that one may not be held in civil contempt for failure to comply with an order of the court unless his or her failure is willful. *Powers v. Powers*, 103 N.C. App. 697, 705, 407 S.E.2d 269, 273-74 (1991) (*citing Jones v. Jones*, 52 N.C. App. 104, 278 S.E.2d 260 (1981) ). Accordingly, we must determine from the evidence presented whether defendant's actions were willful or unintentional.

Defendant testified that he understood when he quit civil service that the Mail Handlers policy would stay in effect for 30 days and then would lapse. Because defendant knew the Mail Handlers policy would terminate, he and his wife procured a policy from Union Bankers Insurance Company on 3 August 1989. Defendant gave the Union agent a payment for the premium and thought he had purchased a policy which would cover his wife and children once the Mail Handlers policy terminated. Defendant quit his job with civil service on 5 August and left for Saudi Arabia in September. Evidence of defendant's salary and expenses indicates that the job in Saudi Arabia was less lucrative than his civil service position.

**BLAZER v. BLAZER**

[109 N.C. App. 390 (1993)]

We find this evidence supports the finding that defendant willfully avoided his obligation to procure insurance in contravention of the consent order. Defendant's actions are analogous to a situation where a defendant takes a job with lower pay and avoids his obligation to pay spousal or child support. *See i.e., Bennett v. Bennett*, 21 N.C. App. 390, 204 S.E.2d 554 (1974). This case is also comparable to *Powers v. Powers*, in which the defendant was found to be in civil contempt for not complying with a separation agreement provision requiring him to provide a college education for his child. *Powers*, 103 N.C. App. 697, 407 S.E.2d 269. We realize defendant acknowledged his obligation to provide insurance for his wife and children and did not anticipate a rejection of coverage due to plaintiff's pre-existing medical condition. Nonetheless, defendant's efforts prior to his leaving for Saudi Arabia do not meet his duty to secure insurance similar to what he had before he quit his civil service job. There is competent evidence to support the court's finding that defendant's failure to secure satisfactory arrangements concerning medical insurance was in willful disregard of his obligation pursuant to the consent order. Consequently, the trial court properly issued the civil contempt order.

[2] Defendant also assigns as error (1) the trial court's finding that defendant was required to maintain "equivalent" medical insurance for plaintiff and the children, when the consent order required him to provide only "similar" insurance; and (2) the trial court's inclusion in the record of the 1989 Mail Handlers policy which was not admitted during the proceedings, but later sent to the court by plaintiff's counsel. Because we find that defendant failed to obtain successfully *any* insurance coverage before he left the United States, it is unnecessary for us to consider if the insurance was similar to the insurance under the Mail Handlers policy. With respect to the inclusion of the Mail Handlers policy in the record on appeal, there was no error. Plaintiff's attorney requested that a copy of the 1989 Mail Handlers policy be included as one of the exhibits in the record on appeal, although the document was not offered during the hearing. The policy's addition to the record on appeal resulted in no prejudice to defendant. The order of the trial court finding defendant in civil contempt is therefore

Affirmed.

Judges WELLS and LEWIS concur.