WILLIAM H. GATLIN, Plaintiff
v.
ELIZABETH A. GATLIN, Defendant
No. COA06-859
Court of Appeals of North Carolina.
Filed January 15, 2008
This case not for publication
Frank P. Hiner, for plaintiff-appellant.
Van H. Johnson, for defendant-appellee.
CALABRIA, Judge.
William H. Gatlin ("plaintiff") appeals from an order of the trial court finding plaintiff in civil contempt of the Judgment for Absolute Divorce. We affirm in part and reverse in part.
Plaintiff and Elizabeth A. Gatlin ("defendant") were married on 23 January 1964 and separated on 13 April 1998. The children born during their marriage have reached the age of majority. On 29 April 1998, plaintiff and defendant entered into a separation agreement that was subsequently incorporated into the divorce judgment upon their divorce on 8 March 2001. Pursuant to the agreement, defendant received the marital residence and the 1996 Dodge Caravan vehicle. Defendant also received fifty percent of plaintiff's retirement, plaintiff's IRA, plaintiff's certificate of deposit ("CD"), and the joint savings account. Plaintiff received the 1997 Dodge Dakota vehicle, and the boat and boat trailer. He also retained fifty percent of his retirement, IRA, CD, and the joint savings account. The plaintiff also agreed to pay alimony in the amount of $1,300.00 per month and to maintain existing life insurance and health insurance policies. At the time the parties agreed to alimony and insurance payments, plaintiff earned a gross income of approximately $50,000.00 per year. Plaintiff paid alimony as ordered, in the amount of $1,300.00 per month until he retired in January of 2005.
After retiring, plaintiff's gross monthly income decreased to $1,436.00. This included $1,276.00 from Social Security and $160.00 from the National Electric Benefit Fund. In February of 2005, plaintiff decreased the alimony payments to approximately $550.00. After February 2005, plaintiff ceased paying alimony. On 24 June 2005, defendant filed a motion to appear and show cause alleging plaintiff's failure to pay alimony to defendant in the amount of $1,300.00 for the months of March, April, May, and June of 2005. Defendant filed an amended motion to appear and show cause on 22 July 2005 alleging plaintiff's failure to pay alimony for the month of July.
At the show cause hearing, plaintiff made a motion to dismiss pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure on the grounds that defendant failed to allege each element of civil contempt in her motion to show cause. The trial court denied plaintiff's motion. On 21 February 2006, the trial court entered an order finding plaintiff in civil contempt for his failure to pay alimony to defendant for the months of March through July of 2005 and for plaintiff's partial payments during January and February of 2005. The trial court sentenced plaintiff to thirty (30) days confinement on the condition that he could purge himself of contempt by paying $10,250.00 to the Office of the Clerk of Superior Court of Pasquotank County. The trial court reduced plaintiff's alimony payments and awarded attorneys' fees to defendant. Plaintiff appeals.
Plaintiff argues the trial court erred by denying his Rule 12(b)(6) motion to dismiss because plaintiff failed to state a claim upon which relief may be granted. We disagree.
The standard of review for a motion to dismiss pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure is "whether, as a matter of law, the allegations of the complaint, treated as true, are sufficient to state a claim upon which relief may be granted under some legal theory." Block v. County of Person, 141 N.C. App. 273, 277, 540 S.E.2d 415, 419 (2000) (citation omitted). "The complaint must be liberally construed, and the court should not dismiss the complaint unless it appears beyond a doubt that the plaintiff could not prove any set of facts to support his claim which would entitle him to relief." Id. at 277-78, 540 S.E.2d at 419.
An individual's failure to comply with an order of a court is a continuing civil contempt pursuant to N.C. Gen. Stat. § 5A-21(a) (2005) as long as: (1) The order remains in force;
(2) The purpose of the order may still be served by compliance with the order;
(2a) The noncompliance by the person to whom the order is directed is willful; and
(3) The person to whom the order is directed is able to comply with the order or is able to take reasonable measures that would enable the person to comply with the order.
In this case, the defendant alleged in her motion to appear and show cause that plaintiff had failed to pay alimony and had the means and ability to comply with the alimony provisions of the Judgment of Absolute Divorce. Construing defendant's motion liberally, defendant alleged facts sufficient to support her motion to show cause. Thus the trial court did not err in denying plaintiff's Rule 12(b)(6) motion to dismiss.
Plaintiff next argues the trial court erred by finding that he had the means and ability to comply with the alimony order. We agree.
"Our standard of review in contempt proceedings is limited to whether there is competent evidence to support the findings of fact and whether the findings support the conclusions of law." Blazer v. Blazer, 109 N.C. App. 390, 392, 427 S.E.2d 139, 140 (1993). "[D]efendant may not be held in contempt for failing to make the payments required by the incorporated agreement if he is unable to do so." Cavenaugh v. Cavenaugh, 317 N.C. 652, 660, 347 S.E.2d 19, 25 (1986). "[I]n order for a person to be held in civil contempt, the person to whom the contempt order is directed must be able to comply with the order or be able to take reasonable measures that would enable him to comply." Frank v. Glanville, 45 N.C. App. 313, 316, 262 S.E.2d 677, 679 (1980). "The trial court must find as fact that the defendant has the ability to comply." Id.
In this case, the trial court made the following relevant finding of fact:
3. The plaintiff has had the means and ability to comply with the terms of the order of this Court since its entry or has been able to take reasonable measures that would enable him to comply with the Order namely the plaintiff has approximately $67,000.00 in an account with ElecTel Cooperative Credit Union from which he could have paid the alimony obligation to the defendant and his failure to do so has been willful and without justification or excuse.
The evidence in the record and transcript establishes that prior to January of 2005, plaintiff paid the monthly alimony amount of $1,300.00 to defendant. After plaintiff retired, his monthly income was reduced to $1,385.60 and his reasonable monthly needs were $1,792.62. Based upon his monthly income after retirement, plaintiff could not meet his monthly needs, much less make an alimony payment of $1,300.00 per month to the defendant. Although the court considered plaintiff's CD to support its finding that plaintiff had the means and ability to comply with the alimony order, it would be unjust to require plaintiff to expend his resources and in effect, reduce plaintiff to poverty in order to comply with an alimony decree. See Beall v. Beall, 290 N.C. 669, 228 S.E.2d 407 (1976). The trial court's finding that plaintiff had the means and ability to meet the monthly alimony obligations was not supported by competent evidence. The order of the trial court is affirmed in part and reversed regarding the court's conclusion that plaintiff is in civil contempt.
Affirmed in part; reversed in part.
Judges WYNN and TYSON concur.
Report per Rule 30(e).