SHIRLEY RITCHIE SHIPPEN, Plaintiff v. JOHN LEE SHIPPEN, Defendant

No. COA09-1181

(Filed 18 May 2010)

## 1. Contempt— civil—willfulness—child support—postseparation support

The trial court did not err in a child support and postseparation support case by holding defendant husband in civil contempt. The trial court concluded that defendant was able to work but voluntarily quit his job and refused to take another. Defendant did not quit his job and join a religious community which prohibited its members from earning outside income or owning assets until after entry of the support order.

## 2. Attorney fees— reasonableness—additional findings of fact required

The trial court erred by ordering defendant to pay additional attorney fees without making the findings of fact required by N.C.G.S. § 50-13.6 as to the reasonableness of the award.

Appeal by defendant from order entered 18 May 2009 by Judge H. Thomas Church in Alexander County District Court. Heard in the Court of Appeals 24 March 2010.

*No brief for plaintiff-appellee.*

*Mary McCullers Reece for defendant-appellant.*

BRYANT, Judge.

On 10 September 2008, plaintiff Shirley Ritchie Shippen filed a complaint against her husband, defendant John Lee Shippen, seeking custody, child support, post-separation support, alimony and equitable distribution. On 8 October 2008, the trial court ordered defendant to pay $606.01 per month in child support and $500.00 per month in post-separation support. The trial court also ordered defendant to pay plaintiff's attorney fees in the amount of $500.00. On 11 February 2009, plaintiff moved for defendant to show cause for his failure to comply with the 8 October 2008 order ("the support order"). Defendant, *pro se*, filed a response and a motion to reconsider. Following a hearing, the trial court held defendant in civil contempt pending a purge in the amount of $6,290.13 and payment of an addi-

tional $500.00 in attorney's fees to plaintiff's lawyer ("the contempt order"). Defendant appeals. As discussed below, we affirm the contempt order, but vacate the award of additional attorney fees and remand for additional findings.

## Facts

Defendant and plaintiff married on 27 February 1982 and had two daughters who were teenagers at the time the parties separated. Defendant worked for the North Carolina Department of Correction and plaintiff worked as a substitute teacher and at Wal-mart. In August 2008, plaintiff moved out of the marital home and the parties separated. Shortly after entry of the support order, defendant joined the Twelve Tribes of Israel, a religious community which prohibits its members from earning outside income. Instead, the members farm and provide services to each other in exchange for food and a place to live. At the contempt hearing, defendant testified that he could not pay the court-ordered support because his membership in the religious community prevented him from earning outside income or owning assets.

_____

On appeal, defendant makes two arguments: the trial court erred in (I) holding him in contempt where he did not have the ability to comply with the support order and his failure to comply was not wilful; and (II) ordering him to pay additional attorney fees without making the findings of fact required by N.C. Gen. Stat. § 50-13.6. As discussed below, we affirm the order of contempt, but vacate the award of attorney fees and remand for additional findings.

## I

[1] Defendant first argues that the trial court erred in holding him in contempt where he did not have the ability to comply and his failure to comply was not willful. We disagree.

"The standard of review for contempt proceedings is limited to determining whether there is competent evidence to support the findings of fact and whether the findings support the conclusions of law." *Sharpe v. Nobles*, 127 N.C. App. 705, 709, 493 S.E.2d 288, 291 (1997). Among the unchallenged findings of fact in the contempt order are the following:

> 3. That at the time the [support] Order was entered, Defendant was employed full-time with the Alexander Correctional Institution, which income was the basis of said Order.

4. That on or about October 30, 2008, the Defendant voluntarily quit his job so that he could dedicate his life to the Twelve Tribes of Israel, a religious organization in which the members live in a community environment and do not work outside said community, relying upon their own services to aid others to maintain themselves.

5. That, accordingly, it is the contention of the Defendant that he has no income "per se", even though he admits he is physically and mentally able to be employed outside the community.

6. That the Defendant's beliefs with regard to the twelve Tribes Organization appear to be sincerely held beliefs.

Defendant challenges finding of fact 11 which states that his non-compliance has been willful and that he "has the ability to comply or take reasonable efforts to do so." He also challenges finding 12, which states that confinement is the least restrictive means to compel his compliance given that defendant has indicated he will not take outside employment under any circumstances.

The purpose of civil contempt is not to punish, but rather to coerce the defendant to comply with an order of the court. *Scott v. Scott*, 157 N.C. App. 382, 393, 579 S.E.2d 431, 438 (2003). To hold a defendant in civil contempt, the trial court must find the following: (1) the order remains in force, (2) the purpose of the order may still be served by compliance, (3) the non-compliance was willful, and (4) the non-complying party is able to comply with the order or is able to take reasonable measures to comply. N.C. Gen. Stat. § 5A-21 (2009). "In order to find that a defendant acted willfully, the court must find not only failure to comply but that the defendant presently possesses the means to comply." *Miller v. Miller*, 153 N.C. App. 40, 50, 568 S.E.2d 914, 920 (2002) (internal citations and quotation marks omitted). "Wilfulness in matters of this kind involves more than deliberation or conscious choice; it also imports a bad faith disregard for authority and the law." *Forte v. Forte*, 65 N.C. App. 615, 616, 309 S.E.2d 729, 730 (1983). Our State's case law reveals

a well-established line of authority which holds that a failure to pay may be willful within the meaning of the contempt statutes where a supporting spouse is unable to pay because he or she voluntarily takes on additional financial obligations or divests him or herself of assets or income after entry of the support order. *See, e.g., Williford v. Williford*, 56 N.C. App. 610, 289 S.E.2d 907

(1982) (supporting spouse took lower-paying job and applied salary to matters other than support obligations); *Frank v. Glanville*, 45 N.C. App. 313, 262 S.E.2d 677 (1980) (supporting spouse failed to take steps to obtain employment which would have enabled him to meet obligations); *Bennett v. Bennett*, 21 N.C. App. 390, 204 S.E.2d 554 (1974) (defendant spouse took lower paying job to avoid support obligations). A contrary rule would permit a supporting spouse to avoid his or her obligations by the simple means of expending assets as he or she pleased, and then pleading inability to pay support, thereby insulating him or herself from punishment by an order of contempt.

*Faught v. Faught*, 67 N.C. App. 37, 46, 312 S.E.2d 504, 509, *disc. review denied*, 311 N.C. 304, 317 S.E.2d 680 (1984).

Further, "[t]o justify conditioning defendant's release from jail for civil contempt upon payment of a large lump sum of arrearages, the district court must find as fact that defendant has the present ability to pay those arrearages." *McMiller v. McMiller*, 77 N.C. App. 808, 809, 336 S.E.2d 134, 135 (1985). We have held that, "[t]hough not specific, [a] finding regarding 'present means to comply' is minimally sufficient to satisfy the statutory requirement for civil contempt." *Adkins v. Adkins*, 82 N.C. App. 289, 292, 346 S.E.2d 220, 222 (1986).

Finding 11 states:

11. That the Defendants [sic] failure to comply with the prior Court Order entered in October 2008 is willful and Defendant has the ability to comply or take reasonable efforts to do so.

Defendant first argues that the trial court made no finding that he had the present ability to pay the arrearage and purge himself of contempt. As in *Adkins*, this finding, while not as specific or detailed as might be preferred, is minimally sufficient. Further, unchallenged findings 3, 4, and 5 state that defendant is able to work but voluntarily quit his job and has refused to take another. These findings and defendant's own testimony fully support the second portion of finding 11.

Defendant next contends his non-compliance was not willful because he was acting in good faith based on his sincerely-held religious beliefs. As discussed above, "a failure to pay may be willful within the meaning of the contempt statutes where a supporting spouse is unable to pay because he or she voluntarily takes on additional financial obligations or divests him or herself of assets or

income after entry of the support order." *Faught*, 67 N.C. App. at 46, 312 S.E.2d at 509. Here, defendant did not quit his job and join a religious community until after entry of the support order. That defendant's religious beliefs may be sincerely-held, as the trial court found, is irrelevant. Our courts have held that child support and alimony obligations cannot be avoided where the obligor has voluntarily assumed additional obligations, such as through remarriage or the birth of additional children. *Williford*, 56 N.C. App. at 612, 289 S.E.2d at 909. Presumably the defendant in *Williford* held a sincere desire to remarry and become a parent again; however, his sincere desire did not excuse him of his duty to comply with valid court orders or make his refusal to do so anything other than willful. Finding 11 is fully supported by the evidence. Defendant's arguments are overruled. Defendant fails to make argument regarding finding 12 in his brief and we deem his assignment of error on that issue abandoned.

*II*

[2] Defendant next argues the trial court erred in ordering him to pay attorney fees without making required findings of fact. We agree.

"North Carolina courts have held that the contempt power of the trial court includes the authority to require the payment of reasonable attorney's fees to opposing counsel as a condition to being purged of contempt for failure to comply with a child support order." *Eakes v. Eakes*, 194 N.C. App. 303, 312, 669 S.E.2d 891, 897 (2008). "Where an award of attorney's fees is granted, the trial court must make adequate findings as to the reasonableness of the award." *Id.*

Before awarding attorney's fees, the trial court must make specific findings of fact concerning:

(1) the ability of the intervenors to defray the cost of the suit, i.e., that the intervenors are unable to employ adequate counsel in order to proceed as a litigant to meet the other litigants in the suit;

(2) the good faith of the intervenors in proceeding in this suit;

(3) the lawyer's skill;

(4) the lawyer's hourly rate;

(5) the nature and scope of the legal services rendered.

*In re Baby Boy Scearce*, 81 N.C. App. 662, 663-64, 345 S.E.2d 411, 413 (citations omitted), *cert. denied*, 318 N.C. 415, 349 S.E.2d 590

(1986). Here, the contempt order fails to contain the required findings. We vacate the award of attorneys' fees and remand for additional findings.

Affirmed in part; vacated in part and remanded.

Judges STEELMAN and BEASLEY concur.