An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA14-243
NORTH CAROLINA COURT OF APPEALS

Filed: 16 September 2014

APRIL ROBBINS (formerly HUNT),

    Plaintiff,

    v.
                         New Hanover County
                         No. 10 CVD 5691
JEFFERY H. HUNT,

    Defendant.


Appeal by defendant from order entered 6 November 2013 by Judge J. H. Corpening, II in New Hanover County District Court. Heard in the Court of Appeals 28 August 2014.

    *No brief filed by plaintiff-appellee.*

    *Chris Kremer for defendant-appellant.*


    STEELMAN, Judge.


Where there was competent evidence to support the trial court's findings that defendant willfully failed to pay prospective alimony, the trial court did not err in holding defendant in contempt. Where there was insufficient evidence in the record to support the trial court's findings that defendant willfully failed to pay back alimony and attorney's fees, the

trial court's contempt order is reversed, and the matter remanded for further findings of fact. Where defendant failed to preserve the issue of attorney's fees, and where the appeal of that issue was previously resolved by this Court, we dismiss defendant's argument.

## I. Factual and Procedural Background

April Robbins (plaintiff) and Jeffery Hunt (defendant) were married on 28 November 1992. Two children were born of the marriage, in 1997 and 1999. Plaintiff and defendant resided together until their separation on 20 March 2010.

On 10 December 2010, plaintiff filed a complaint seeking post-separation support, permanent alimony, equitable distribution of marital assets, temporary and permanent custody of the children, retroactive and prospective child support, and attorney's fees.

On 6 May 2013, the trial court entered its order on permanent alimony, equitable distribution, and attorney's fees. In the alimony portion of the case, the trial court held that plaintiff was a dependent spouse, and ordered defendant to pay alimony of $800 per month, back alimony of $8,000 within 90 days, and $2,000 in attorney's fees within 90 days. The marital

property was divided in accordance with a separate schedule which is not found in the record on appeal.

The order of 6 May 2013 was appealed to this Court. On 6 May 2014, this Court filed an opinion affirming the trial court's award of alimony, but remanding the issues of equitable distribution and attorney's fees for additional findings of fact. *Hunt v. Hunt*, ___ N.C. App. ___, 759 S.E.2d 712 (2014) (unpublished), *disc. review denied*, ___ N.C. ___, ___ S.E.2d ___, 197P14 (19 August 2014).

On 5 July 2013, plaintiff filed a verified motion for contempt, alleging that defendant had failed to pay the back alimony, attorney's fees, and prospective alimony ordered by the trial court.

On 6 November 2013, the trial court entered an order holding defendant in contempt of court, finding that defendant failed to make alimony payments for June, July, August, and September of 2013, failed to pay the back alimony and attorney's fees, had the ability to comply with the 6 May 2013 order, and willfully refused to do so without justification. The trial court concluded that defendant was in willful civil contempt of its 6 May 2013 order, and ordered defendant to pay $11,200 in accrued alimony, and $2,000 in attorney's fees, within 30 days

of 30 September 2013. If defendant failed to make these payments, then a warrant for his arrest was to issue, and defendant would be confined in the common jail of New Hanover County. Defendant was also ordered to pay $750 for the costs and fees associated with the contempt hearing.

From the 6 November 2013 contempt order, defendant appeals.

## II. Contempt Order

In his first argument, defendant contends that the trial court's findings of fact were not supported by the evidence, and therefore do not support the entry of an order of contempt. We disagree in part and agree in part.

## A. Standard of Review

> The standard of review for contempt proceedings is limited to determining whether there is competent evidence to support the findings of fact and whether the findings support the conclusions of law. Findings of fact made by the judge in contempt proceedings are conclusive on appeal when supported by any competent evidence and are reviewable only for the purpose of passing upon their sufficiency to warrant the judgment.

*Watson v. Watson*, 187 N.C. App. 55, 64, 652 S.E.2d 310, 317 (2007) (citations and quotations omitted), *disc. review denied*, 362 N.C. 373, 662 S.E.2d 551 (2008).

> To hold a defendant in civil contempt, the trial court must find the following: (1) the

> order remains in force, (2) the purpose of the order may still be served by compliance, (3) the non-compliance was willful, and (4) the non-complying party is able to comply with the order or is able to take reasonable measures to comply. In order to find that a defendant acted willfully, the court must find not only failure to comply but that the defendant presently possesses the means to comply. Wilfulness [sic] in matters of this kind involves more than deliberation or conscious choice; it also imports a bad faith disregard for authority and the law.

*Shippen v. Shippen*, 204 N.C. App. 188, 190, 693 S.E.2d 240, 243 (2010) (citations and quotations omitted).

## B. Analysis

Defendant acknowledges that he failed to make any of the alimony payments ordered by the trial court, but argues that this was not sufficient to support the trial court's findings in support of its contempt order. Defendant argues that plaintiff was required to show that defendant's failure to pay was willful, and that the evidence presented at trial did not support a finding of willfulness.

We first note that there is no transcript of the contempt hearing before us, but rather a narrative summary of the contempt hearing prepared by defendant. The narration is in the form of questions and answers, but is not a transcript certified by a court reporter.

At the 30 September 2013 contempt hearing, plaintiff testified that defendant had failed to pay the $8,000 in back alimony and the $2,000 in attorney's fees previously ordered by the court. She also testified that defendant had failed to pay any prospective alimony of $800 per month commencing in June of 2013. Plaintiff's testimony concerning defendant's ability to pay these sums was very vague. The testimony pertinent to defendant's ability to pay was as follows:

1. Defendant had recently remarried.

2. In April, defendant went on a 7-day cruise with the children of his marriage to plaintiff, along with his new wife, his new mother-in-law, and his new stepson, to Jamaica.

3. Defendant recently took a trip to Germany with his new wife.

4. Plaintiff heard from her children that defendant recently took a trip to Chicago.

5. Defendant purchased smart phones for the children of his marriage to plaintiff, which plaintiff returned to defendant.

6. Plaintiff "guessed" that the April cruise to Jamaica cost $15,000. She did not venture a guess as to the costs of either the trip to Germany or the trip to Chicago.

7. Plaintiff never testified as to whether defendant paid for any of these trips.

8. Defendant was current on his monthly child support obligation, and was also

current in paying for the children's tuition at a private school.

Over the objection of the plaintiff, defendant's counsel introduced an affidavit of the defendant concerning his financial condition. Defendant did not appear or testify at the contempt hearing. The affidavit contained the following information pertinent to his ability to pay:

1. Defendant's net monthly income in September of 2013 was $6,942.22. In the trial court's order of 6 May 2013, the court found defendant's net monthly income to have been $9,567.45. There is no explanation in defendant's affidavit for the $2,600 per month difference.

2. Defendant has paid the monthly child support and private school tuition for his daughters.

3. Under the 6 May 2013 court order, defendant was ordered to pay all marital debts, and particularly a debt to the United States Internal Revenue Service of $16,801.44.

Based upon the evidence presented at the contempt hearing, the trial court found that defendant had failed to pay the $8,000 in back alimony, the $2,000 in attorney's fees, and the monthly alimony payments from June 2013 through September 2013, as ordered in the 6 May 2013 order. The only finding pertaining to defendant's ability to comply and the willfulness of his conduct was finding of fact 6:

> 6. The Defendant has the present ability to comply with the prior Order of this Court and his refusal and failure to do so is wilful [sic] and without just cause, excuse or justification.

We note that much of what was contained in defendant's affidavit, his counsel's argument to the trial court, and his brief to this Court are arguments that defendant should not be required to pay alimony, and cannot afford to pay alimony. The question of the appropriateness of the award of alimony and the amount of alimony was previously decided by this Court in *Hunt v. Hunt*, ___ N.C. App. ___, 759 S.E.2d 712. Judge Corpening previously heard the case, and it was appropriate for him to consider defendant's monthly income and expenses as found in the original order filed less than five months prior to the contempt hearing. It was also appropriate for him to consider the amount of defendant's monthly income as found in the 6 May 2013 order to determine whether defendant's failure to pay the alimony of $800 per month for the months of June, July, August and September of 2013 was willful. Defendant's affidavit did not state that he had suffered any reduction in income since the entry of the 6 May 2013 order. Apparently, Judge Corpening found defendant's assertions in his affidavit as to his income and expenses were simply not credible.

We hold that with respect to the June, July, August and September alimony payments of $800 per month, there was competent evidence to support findings that defendant failed to make those payments, that he had the ability to do so, and that his failure to make the payments was willful. We affirm this portion of the trial court's order.

However, with respect to the trial court's holding that defendant was in contempt for failing to pay back alimony and attorney's fees totaling $10,000, we are compelled to reverse and remand this ruling for further findings of fact. While the order of 6 May 2013 is in the record, the distribution of marital property was made in an attachment to the order, which is not in the record. We thus have no evidence before us as to defendant's assets. The only other evidence potentially relevant to this issue was plaintiff's testimony concerning the trips to Jamaica, Germany, and Chicago. Based upon the narrative evidence before us, plaintiff did not testify that defendant paid for any of these trips, and was uncertain as to whether the Chicago trip was for business purposes.

With respect to defendant's assertion concerning the debt owed to the Internal Revenue Service, defendant documented this with a notice of intent to levy in the amount of $16,801.44

dated 22 April 2013. We hold that this was insufficient evidence upon which to base a finding of fact that defendant had the ability to pay the $10,000 and that his failure to pay was willful. We reverse this portion of the trial court's order and remand for additional findings of fact. In its discretion, the trial court may allow additional evidence.

### III. Attorney's Fees

In his second argument, defendant contends that the trial court erred in awarding attorney's fees to plaintiff in its 6 May 2013 order. In his notice of appeal in this case, defendant appeals only from the contempt order, not the original order containing the award of attorney's fees. We hold therefore that defendant has failed to preserve this issue. N.C. R. App. P. 28(b)(6).

Even assuming *arguendo* that defendant preserved this issue, we note that we have previously ruled upon the matter of attorney's fees in this case. Defendant appealed from the original order awarding attorney's fees in *Hunt v. Hunt*, ___ N.C. App. ___, 759 S.E.2d 712. In that case, we held that the trial court did not abuse its discretion in including the services of a paralegal in the cost of attorney's fees, but remanded the matter to the trial court due to inadequate

findings of fact.  *Id.*  As this issue has been previously remanded to the trial court, we hold that it is moot, and not properly before us.  We therefore dismiss this portion of defendant's appeal.

AFFIRMED IN PART, REVERSED AND REMANDED IN PART, DISMISSED IN PART.

Judge GEER concurs.

Judge HUNTER, Robert N., Jr. concurred prior to 6 September 2014.

Report per Rule 30(e).